(16 Misc. Rep. 296.)

## ZENDER v. SELIGER–TOOTHILL CO.

(City Court of New York, General Term.   March 16, 1896.)

1. EMPLOYMENT—CONTRACT.

Plaintiff, after negotiations for employment at $2,000 a year, submitted an offer to work at a yearly salary of $1,500. Defendants wrote him February 21st: "We have concluded to give you a trial, for a month or so, for a compensation of $80 per month. * * * If you show yourself to be the man we want, we will gladly make yearly arrangements to mutual satisfaction, and put you in a position to earn more money than you have asked. * * * The experience we have had together does not warrant it,—to do any better for the present, until you prove yourself to us a competent man." On February 26th defendants wrote plaintiff: "We do hereby place you in charge of our office from March 1st, as per our previous letters. We hope that you will be successful, and that we will be together for many years." April 8th defendants wrote, "You know as well as we do that we would be too delighted to pay you three times the amount you have been drawing, if you would only have earned it." And April 11th they wrote, "You know what our arrangement was,—one month on trial, and if you were successful, that we were to engage you permanently." *Held*, that it was a question for the jury what the contract was.

2. INSTRUCTIONS—HARMLESS ERROR.

The evidence showing that plaintiff was entitled to recover more than the amount of the verdict, for breach of contract of employment, error in not limiting recovery to wages up to the time of trial, where the term of employment has not expired, is harmless.

Appeal from trial term.

Action by Justus E. Zender against the Seliger-Toothill Company.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before FITZSIMONS, CONLAN, and O'DWYER, JJ.

John R. O'Gorman, for appellant.
A. Walker Otis, for respondent.

O'DWYER, J.  The action is brought to recover damages for a breach of a contract of employment at an annual compensation of $2,000.  The defendant insists that the contract was in writing, while the plaintiff contends that it was partly written and partly oral.  It is well settled that oral evidence may be given, not to contradict or vary, but to prove what the contract really was.  Condit v. Cowdrey, 123 N. Y. 463, 25 N. E. 946.  And when a contract is thus made out, partly in writing and partly by parol, as here, its construction is a question of fact for the jury.  The rule is well stated in Campbell v. Jimenes, 3 Misc. Rep. 516, 23 N. Y. Supp. 333, by Judge Pryor:

"If the intention of the parties to a written contract be intelligible upon the face of the instrument, extrinsic proof of its meaning is inadmissible, and its construction is for the court alone.  But if the terms be so obscure or ambiguous as not to be understood without the aid of adventitious light, then evidence, not only of the surrounding circumstances, but of the acts and conversations of the parties, is competent to illustrate their intention; and, upon such evidence, the meaning of the instrument is for determination by the jury."

From the evidence it appears that prior to the letter of February 21, 1895, the plaintiff's assignor had conversations with the officers of the defendant, in which the subject of his employment by it at an annual salary of $2,000 was discussed, and plaintiff's assignor finally offered to accept the position at $1,500 per year.

At the last of these interviews, which was had on Saturday, it was arranged that the defendant would write the plaintiff's assignor on the following Tuesday or Wednesday. Not hearing from defendant at that time, the following telegram was sent to the defendant by the plaintiff's assignor, "It is very necessary for me to hear from you to-day;" and in response to that telegram the defendant wrote:

"Your telegram received. Mr. Toothill and I have considered your application, and have come to the conclusion to give you a trial, for a month or so, for a compensation of eighty dollars per month. The idea is not to cut you down from your original figures. If you will show yourself to be the man we want, we will gladly make yearly arrangements to mutual satisfaction, and put you in a position to earn more money than you have asked. Our Mr. Seliger has told you just exactly what we expect you to do. The experience we had together does not warrant it,—to do any better for the present, until you prove yourself to us a competent man. If you should accept our proposition, let us know by return of mail, as we want you to start with us on the first of the month."

This telegram and letter the defendant relies on as showing the contract between the parties. In the conversations preceding the letter, nothing was said by either of the parties about a monthly hiring. The negotiations were confined to the question of the lowest rate at which plaintiff's assignor was willing to serve, and whether defendant could afford to hire him at $1,500 per annum. Not a word was said indicating a monthly employment. In the letter the defendant says that it has come to the conclusion to give plaintiff's assignor a trial for a month or so at a compensation of $80 per month. Then follows this sentence, "The idea is not to cut you down from your original figures." Defendant intended to say to plaintiff's assignor that the proposition to work for one year for $1,500 was not to be cut down; it was not to be reduced or interfered with in any way: provided, only, that plaintiff's assignor should show himself to be a competent man. Further on, defendant says:

"If you will show yourself to be the man we want, we will gladly make yearly arrangements to mutual satisfaction, and put you in a position to earn more money than you have asked. Our Mr. Seliger has told you just exactly what we expect you to do. The experience we have had together does not warrant it,—to do any better for the present, until you prove yourself to us a competent man."

The question of competency was to determine the rights of the parties. If, after a month or so, plaintiff's assignor should prove to be competent, he was to receive $1,500 per year,—that is, "yearly arrangements to mutual satisfaction"; for plaintiff's assignor was content with $1,500, and, if defendant agreed thereto, there would necessarily be "mutual satisfaction," coupled with the suggestion

that he might earn even more money than he had asked, provided, always, that he was competent. On February 26th, five days after this letter, defendant wrote the plaintiff's assignor:

"We do hereby place you in charge of New York office from March 1st, as per our previous letters. We hope that you will be successful, and that we will be together for many years to come."

This statement is entirely inconsistent with the theory that defendant had only a week before hired plaintiff's assignor for a single month. Then, again, on April 8, 1895, defendant writes:

"You know as well as we do that we would be too delighted to pay you three times the amount that you have been drawing, if you would only have earned it."

And finally, on April 11, 1895, defendant writes:

"You know what our arrangement was,—one month on trial, and, if you were successful, that we were to engage you permanently."

Upon this evidence, it was properly left to the jury to determine what the contract between the parties was.

The court was requested by the defendant to instruct the jury that "in any event the proper measure of damages is the wages only up to the time of the trial of the action, and not up to the time when the contract of employment would have expired if it existed"; and, to the refusal to so charge, defendant duly excepted. The action was tried on the 8th day of October, 1895, so that, at the time the jury were called upon to assess the damages sustained by reason of the breach of the contract of employment, five months of the term provided for therein had not expired. The refusal to charge as requested was error. The plaintiff's cause of action arose at the time of the breach of the contract, and he was then entitled to sue and recover such actual damages as the evidence upon the trial showed he had sustained by the defendant's breach. In actions of this character the measure of damages is the whole amount of the stipulated compensation, down to the day of the trial, if the term of employment has not then expired, subject to being diminished •by earnings in other employments, and it is obligatory upon the servant, when wrongfully discharged, to use diligence to find other employment, and thus reduce the damages. Everson v. Powers, 60 How. Prac. 166; Howard v. Daly, 61 N. Y. 362; and Everson v. Powers, 89 N. Y. 527. The uncontradicted testimony is that the plaintiff's assignor, after his discharge, sought other employment, but was unable to find it; that he then started a little business on his own account, and had been engaged in it for about three months; that it was a losing business, and he had not made any money. Defendant did not show, or attempt to show, that he could have obtained employment which he did not accept. By the verdict the jury have found that a yearly contract was made between the parties, at a salary of $1,500 per annum, and assessed the damages for the breach thereof at the sum of $300. Applying the rule of damages as already stated, the plaintiff, at the time of the trial, was entitled to recover a sum equal to

the stipulated compensation for six months, which would amount to the sum of $750; so that it clearly appears that the error complained of was not harmful to the defendant, and does not call for a reversal of the judgment.

The judgment should be affirmed, with costs. All concur.