SILVER & CO. v. WATERMAN et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. PLEADING—SUPPLEMENTAL ANSWER.

The court may allow a supplemental answer setting up facts which have come into existence subsequent to the former pleading.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 843.]

2. TRADE-NAMES—UNFAIR COMPETITION—ACTION—SUPPLEMENTAL PLEADING—SUFFICIENCY.

In an action to restrain unfair competition in the manufacture and sale of an article, a supplemental answer setting up a patent secured by defendants will not be held frivolous because it cannot constitute a complete defense, if all the allegations of the complaint are established, where it

is possible that some of the acts of unfair competition alleged may be justified by the invention.

3. PLEADING—SUPPLEMENTAL ANSWER—APPLICATION FOR LEAVE—DETERMINATION OF MOTION.

Where the facts stated in an application for leave to file a supplemental answer are sufficient, the court will not determine that the facts pleaded are not available as a defense for the reasons stated in the opposing affidavits.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 833.]

Appeal from Special Term, Kings County.

Action by Silver & Co. against Henry Waterman and others. From an order allowing a supplemental answer, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Edward L. Blackman, for appellant.

George L. Wheelock, for respondents.

JENKS, J. This appeal is from an order of the Special Term that allows a supplemental answer in an action to restrain unfair competition in the manufacture and sale of a night lamp and to recover profits from the sales thereof. Issue was joined on July 25, 1907, whereupon the plaintiff demurred to the answer. It does not appear that the issue of that demurrer has been tried. The defendant would plead by supplemental answer that on August 20, 1907, letters patent were issued "in connection with the night lamp manufactured by defendants." As this fact has come into existence subsequent to the former pleading, the procedure is correct. The leave granted in no way determines the rights of the parties. Nichols' New York Practice, 1058.

But the learned counsel for the appellant insists that the order is wrong because the moving papers are insufficient, in that the proposed pleading does not show that the allegation is material, and also in that the plea is frivolous. It is true the plea, if proven, cannot constitute a complete defense, if all the allegations of the complaint are established; and it is possible that the plea may not be at all material. But, on the other hand, indefinite as the pleading is, it is possible that some of the acts of unfair competition alleged may be justified by the invention secured by the defendants. We cannot say, therefore, that the pleading is manifestly bad or frivolous. Upon such an application the court does not determine whether the fact pleaded is available upon a reading of the opposing affidavits. Reynolds v. Ætna Life Ins. Co., 16 App. Div. 74, 44 N. Y. Supp. 691.

The order of the Special Term was properly made, and it should be affirmed, with $10 costs and disbursements. Williams v. Hayes, 53 Hun, 630, 5 N. Y. Supp. 666; Mitchell v. Allen, 25 Hun, 543. All concur.