JOHN A. DOYLE, Respondent, *v.* THE CHATHAM AND PHENIX NATIONAL BANK OF THE CITY OF NEW YORK, Appellant.

Second Department, February 25, 1927.

**Pleadings — complaint — supplemental complaint — action by holder and assignee of corporate bonds against mortgage trustee, charging gross negligence of defendant as trustee — ten of causes of action pleaded were on bonds assigned to plaintiff — objection was made at commencement of trial that assignments did not convey causes of action — case was adjourned to permit plaintiff to secure confirmatory assignments — thereafter, order appealed from was granted, giving plaintiff permission to serve supplemental complaint and directing that original answer stand as answer to supplemental complaint — supplemental complaint, setting up confirmatory assignments, does not state new cause of action in violation of Civil Practice Act, § 245 — part of order directing answer to stand as answer to supplemental complaint does not prejudice or injure defendant.**

This is an action against a trustee of a corporate mortgage, based on the alleged gross negligence of the defendant. Ten of the eleven causes of action are based on bonds assigned to the plaintiff. At the trial objection was made, when plaintiff attempted to prove said causes of action, that the assignments did not convey causes of action against the defendant. The assignments were in simple form transferring designated bonds with interest due thereon, with full power to sue, receive and collect on the same, and the bonds were delivered under the assignments. When objection was made, the court adjourned the trial for the purpose of giving the plaintiff opportunity to procure confirmatory assignments

to meet the objection. This was done, and thereafter the order appealed from was granted, which gave the plaintiff permission to serve a supplemental complaint, and directed that the answer stand as the answer to the supplemental complaint, with denials as to the additional allegations of said supplemental complaint, and that the cause retain its place on the calendar. A supplemental complaint was drawn, which contained additional allegations setting up the confirmatory assignments.

The supplemental complaint, setting up the new or confirmatory assignments, did not allege a new cause of action in violation of the provisions of section 245 of the Civil Practice Act.

Furthermore, the new or confirmatory assignments do not purport to transfer to plaintiff anything he did not have before, and it would seem that the plaintiff might have proceeded under the original assignments.

That part of the order directing that the original answer stand as answer to the supplemental complaint, with denials as to the additional allegations thereof, does not deprive the defendant of any defense which he may have nor can the defendant be injured or prejudiced in any way by the order appealed from.

APPEAL by the defendant, The Chatham and Phenix National Bank of the City of New York, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 29th day of December, 1926, granting leave to the plaintiff to serve a supplemental complaint.

*Benjamin M. Kaye* [*J. Frank McDavitt* and *Cornell S. Dikeman* with him on the brief], for the appellant.

*Herbert C. Smyth* [*George P. Breckenridge* with him on the brief], for the respondent.

MANNING, J. The complaint stated eleven causes of action, ten of which were assigned, and was in substantially the same form as the supplemental complaint, printed in the record. An answer of the defendant was duly interposed, and the case noticed for trial on or about December 1, 1926, and upon its being reached was assigned to Mr. Justice CROPSEY for trial. The trial was commenced, and when proof was put in under the second cause of action and the assignments produced, objection was made to them by counsel for the defendant " on the ground that they did not convey causes of action against this defendant although by the terms of the assignments the assignors' bonds and rights were assigned and the bonds have been delivered." It is then alleged in the moving papers that the court suggested that if new assignments were obtained and a motion to serve a " supplemental complaint " granted, he would be willing to try the case during the last two weeks of December, and an adjournment was permitted. Plaintiff subsequently moved at Special Term for leave to make and serve a supplemental complaint, reciting such alleged new assignments, and the court granted the motion.

Second Department, February, 1927.    [Vol. 219

The order appealed from recites that "the plaintiff have leave to serve the proposed supplemental complaint in addition to the original complaint and that the service of the copy thereof, heretofore made, be deemed the service of the same, that the answer stand as the answer to the supplemental complaint with denials as to the additional allegations of said supplemental complaint, that this cause, No. 9366 on the trial calendar retain its place on the calendar of this court and the trial thereof be continued before Mr. Justice JAMES C. CROPSEY."

The action was brought on behalf of bondholders of the Motor Guaranty Corporation charging this defendant with gross negligence in its conduct as trustee of such bond issue. The trust indenture of the Motor Guaranty Corporation with the defendant was dated February 1, 1922, and provided for the Motor Guaranty Corporation assigning and pledging with the defendant at or prior to the issue of each and every bond to be issued thereunder, collateral security to consist of cash or current funds, trade acceptances or notes of dealers guaranteed by the Motor Guaranty Corporation, or notes of purchasers in part payment for motor vehicles, or other first lien mortgages; that on written request accompanied by delivery and pledging of the aforesaid collateral, equal to at least 110 per cent of the amount of the bonds so requested to be issued, the defendant should authenticate or certify and deliver such bonds. The plaintiff and his ten assignors received such bonds to the face amount of more than $32,000; and interest due January 1, 1923, was not paid and the Motor Guaranty Corporation shortly after went into bankruptcy. It is further alleged that the collateral totaling about $130,000 was worthless with the exception of $30 collected; that these bondholders were never paid anything; that the defendant did not properly investigate the management of the business of the Motor Guaranty Corporation, and that the Motor Guaranty Corporation was not authorized to do business in the State of New York and did not have power to issue such bonds therein; that its capital was impaired and its alleged surplus was in reality a deficit, and that the collateral defendant held and against which it certified said bonds was not of the nature and quality required by the collateral trust indenture and was worthless.

Each of the ten assigned causes of action ended by alleging that the bondholder "duly assigned his said bonds and all rights thereunder to plaintiff who is now the owner and holder thereof."

The assignments which were produced upon the trial were in simple form assigning designated bonds with interest due thereon, with full power to sue, receive and collect on the same, but objection

was made by defendant's counsel, on the ground that they did not convey these alleged causes of action against the defendant, although by their terms the assignors' bonds and rights were assigned and the bonds had then been delivered.   After the adjournment, fuller and more complete assignments were obtained confirming and ratifying the earlier assignments, and the motion for leave to serve the supplemental complaint made, which added to the allegation as to the assignment, the further statement " and thereafter he made a further confirmatory assignment thereof to this plaintiff."   It is from the order of Mr. Justice CROPSEY, heretofore quoted, that this appeal is taken.

The appellant maintains for reversal that the alleged new or confirmatory assignments set forth and alleged in the supplemental complaint allege a new cause of action; that it is opposed to the provisions of section 245 of the Civil Practice Act, providing for the service of a supplemental complaint, in that it sets forth a new cause of action; that the order entered allowing the making and serving of the supplemental complaint " by its terms bars the defendant herein from interposing any affirmative defense which it may have to the alleged new or confirmatory assignments," and finally, that the action of the court in summarily ordering the defendant's answer to stand, is contrary to the statutes of the State of New York and to the right guaranteed to the defendant by the Constitution of the State of New York.

I do not think there is any merit in the appellant's contentions, and, in my opinion, the order should be affirmed.   It is well settled that the court has power under the Civil Practice Act, section 245, and the authorities construing it, to grant leave to serve a supplemental complaint.   The matter is largely within the discretion of the court at Special Term, and applications of this character are granted almost as a matter of course " where the other party cannot be injured thereby."   (*Milliken* v. *McGarrah,* 164 App. Div. 110; *Park & Sons Co.* v. *Hubbard,* 198 N. Y. 136; *Jones* v. *Brooklyn Heights Railroad Company,* 95 App. Div. 625.)   The merits of the case or the sufficiency of the pleading will not be considered on an application of this character (*Silver & Co.* v. *Waterman,* 122 App. Div. 373; *Brewster* v. *Brewster Co.,* 138 id. 139, 140), and " unless the insufficiency of the original pleading has been authoritatively adjudicated, the motion for leave to serve the supplemental pleading will neither be denied on the theory that a cause of action is not stated in the original pleading, nor on the theory that it will be of no avail, for those questions should be left to be decided on demurrer, or on motion for judgment on the pleadings, or on the trial, whereby the party desiring to interpose the pleading will be afforded a clear

legal right to review any adverse decision or ruling." (*Brewster* v. *Brewster Co., supra.*)

The confirmatory assignments pleaded in the supplemental pleadings, as I view the situation, do not allege any new cause of action which had not been alleged in the original complaint. The new assignments do not purport to transfer to plaintiff anything he did not have before. The original assignments, to which defendant's counsel objected, transferred the bonds, and the bonds were delivered to plaintiff; and it was so alleged. If there was any question as to whether the assignor intended to reserve to himself any rights arising out of the bonds, he could testify as to that matter. So, also, he could state his intention by a further assignment confirming the earlier assignment, declaring that he intended to assign every right which he had arising out of the purchase of the bonds, which is what was done by the confirmatory assignments, and the additional allegations concerning the confirmatory assignments, which were required by the supplemental complaint. In other words, the confirmatory assignments alleged in the supplemental pleading do not create in plaintiff any other cause of action than that originally alleged. So far as I can see, it is the same cause of action; and the authorities cited by appellant prohibiting the supplemental pleading, where new facts are set forth in the complaint which did not exist at the time of the commencement of the action, do not apply; nor have there been facts alleged " which occurred after suit brought." The confirmatory assignments simply amplified or confirmed, as I view the situation, that which had already been done and alleged in the original pleading, and hence the cases cited do not apply. Nor does the order as entered, stating that the " answer stand as the answer to the supplemental complaint with denials as to the additional allegations of said supplemental complaint," deprive the defendant, in my opinion, of any defense which it may have.

I cannot see that the defendant can in any way be injured by the granting of this order, which is, really, the only consideration, since the answer to the original complaint is an answer to the same cause of action alleged in the supplemental pleading, and the order amply protects the defendant. It being within the discretion of the Special Term, I am not inclined to disturb the discretion exercised.

The order should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., YOUNG, LAZANSKY and HAGARTY, JJ., concur.

Order granting leave to serve supplemental complaint affirmed, with ten dollars costs and disbursements.