ROBERT LEISING, an Infant, by ALBERT J. LEISING, His Guardian ad Litem, Plaintiff, *v.* HENRY E. NORTON, Defendant. (Action No. 1.)

ALBERT J. LEISING, Plaintiff, *v.* HENRY E. NORTON, Defendant. (Action No. 2.)

HENRY NORTON, Plaintiff, *v.* ROBERT LEISING, an Infant, by ALBERT J. LEISING, His Guardian ad Litem, Defendant. (Action No. 3.)

Supreme Court, Special Term, Erie County, August 27, 1954.

*Carlton P. O'Connor* for plaintiffs in Action No. 1 and Action No. 2.

*Brown, Kelly, Turner & Symons* for defendant in Action No. 1 and Action No. 2.

*Gibbons, Pottle, O'Shea & Adamson* for defendant in Action No. 3.

VANDERMEULEN, J. These actions arise out of a collision occurring on May 15, 1954, between the automobile owned and operated by Robert Leising, an infant, and an automobile operated by Henry E. Norton. On behalf of Robert Leising, an infant, Albert J. Leising, as guardian ad litem sued Norton by reason of personal injuries sustained by his son and damage to the automobile, and also sued individually for special damages. The actions against Mr. Norton were commenced on June 10, 1954, in the Supreme Court of Erie County. After service of the summons and complaint, plaintiff, at the request of defendant's attorneys entered into a stipulation extending the defendant's time to answer until July 15, 1954, on which day the answer was served. Five days after Leising had started the two actions, Mr. Norton commenced an action against Robert Leising, the infant. An answer was served on July 7, 1954.

Actions Nos. 1 and 2 have been noticed on the calendar of the Supreme Court of Erie County, where in the ordinary course of events the cases would be reached for trial in nine months. The other action No. 3 has been noticed for trial on the calendar of the Supreme Court of Monroe County, where in the ordinary course of events the case would be reached for trial in six months.

The defendant in action No. 3 has moved for a consolidation. The plaintiffs in actions Nos. 1 and 2 consent to it but the defendant Norton opposed it.

It is very clear that an order consolidating these actions should be granted. There remain, however, the questions of whether the cases should be tried in Monroe County or Erie County and the right to open and close. The determination of the place of trial of the actions herein is largely in the discretion of the court. Consideration must be given to the priority of the respective actions, the place of origin of the alleged causes of action, the condition of the calendar and the character of the parties. The place of origin of the respective actions is Erie County. As to the condition of the calendar, there is a probability of only three months' difference.

I am of the opinion that under all of the circumstances the cases should be tried in Erie County.

As to the right to open and close, the decisions in the various Appellate Divisions do not seem to harmonize. Priority of action seems to have been followed in a number of cases. However, in the recent case of *Watkins Body Corp.* v. *Arditi, Ltd.* (279 App. Div. 619, 620), the court, in considering who should have the right to open and close in the consolidated actions mentioned as factors to be considered: (1) the action which was first at issue; (2) the action which was first placed on the trial calendar, and (3) the party who moved for a consolidation However, the court, while considering these factors stated " we do not regard any of these factors as controlling upon the question as to who should have the right to open and close upon the trial of the consolidated action ".

Actions Nos. 1 and 2 were started first. There were no delaying tactics on the part of these parties. There was a delay in getting cases Nos. 1 and 2 at issue but that was because of a stipulation entered into by which the defendant in actions Nos. 1 and 2 was granted an extension of time to answer. It would be absolutely unfair to penalize the plaintiffs in actions Nos. 1 and 2 in denying them the right to open and close merely because they were courteous enough to comply with the request of the defendant for additional time to answer.

An order may be submitted directing a consolidation, trial to be held in Erie County, with the right to open and close to the plaintiffs, Albert J. Leising, individually and as guardian ad litem of Robert Leising, an infant.