James J. Conroy, J.
This is an application by the plaintiff for leave to serve a copy of the “ Amended Complaint ” submitted herewith. Defendant cross-moves to consolidate this action, designated as Action No. 1, with another action pending between the parties designated as Action No. 2.
The original complaint in this action characterized it as one to remove a cloud of title pursuant to article 15 of the Real Property Law. However, a motion was made by the plaintiff in this court seeking to have the case transferred from the Trial Term, which handled actions at law, to Special Term, Part III, which dealt with equity actions. This court, in a decision dated July 25, 1962, granting the afore-mentioned motion, stated that the plaintiff’s action was one based on fraud and essentially sought either to rescind a deed or to impress a trust upon real property and therefore was an equity action and consequently was not properly characterized as an action to remove a cloud on title pursuant to article 15 of the Real Property Law, which is an action at law.
The “Amended Complaint” herein merely seeks to clearly state a proper cause of action either to rescind a deed or to impress a trust upon real property and eliminate any allegations made in the original complaint relating to an action pursuant to article 15 of the Real Property Law. Inasmuch as the “ Amended Complaint ” merely seeks to clarify the allegations of the original complaint (see Doyle v. Chatham & Phenix Nat. Bank, 219 App. Div. 522) and clearly and unequivocally state the theory upon which the complaint is based (see Matter of Robillard, 136 N. Y. S. 2d 79; see, also, Slack v. Ellis, 247 App. Div. 467), the motion for leave to serve the “ Amended Complaint ” is granted. The “ Amended Complaint ” will supersede the former pleading. (Dry Dock Sav. Inst. v. City of New York, 263 App. Div. 815.)
*126 Since the instant action, designated as Action No. 1, is either to rescind a deed which granted the defendant a one-half interest as a tenant in common in certain real property or to impress a trust in favor of the plaintiff and direct a reconveyance by the defendant of the one-half interest in such property to the plaintiff, and the action designated as Action No. 2 was commenced by the defendant as a tenant in common against the plaintiff for an accounting of the rents and profits and of all dealings and transactions concerned with the real property involved in Action No. 1 allegedly held by the parties as tenants in common, it is possible that there would be contradictory determinations; thus, a consolidation is warranted. (See Heimov v. 15 Pleasantville Road Corp., 1 A D 2d 967.) Accordingly, the cross motion is granted,