Lawrence H. Cooke, J.
In these actions involving certain negotiable instruments and in which there are common questions of law and fact, application is made for consolidation or joint trial.
One action (Action No. 1.) is pending in the Supreme Court, Sullivan County, and the other two in the Civil Court of the City of New York, New York County. Insofar as the Civil Court actions are within the First Department and the Supreme Court action within the Third Department, the contention is advanced that the court does not have jurisdiction to grant the requested relief, citing subdivision a of section 19 of article VI of the Constitution of the State of New York, reading in part: “As may be provided by law, the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice.” Said constitutional provision relates to transfers as such and does not prohibit the Supreme Court, upon motion, where an action is pending in it, from *307 removing to itself an action pending in another court and consolidating it or having it tried together with that in the Supreme Court (CPLR 602, subd. [b]; cf. Datz v. Economy Cotton Goods Stores, 263 N. Y. 252). There is no limit on the right of the Supreme Court to consolidate into its court a case pending in a lower court where it has jurisdiction to hear the claim (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 602.20).
One of the parties is a defendant in one action and a plaintiff in the other two and, insofar as the situation will be more easily understood by the jury if the cases are tried jointly instead of being organically consolidated, there should be a joint trial rather than consolidation (Smith v. Witteman Co., 10 A D 2d 793; Maliades v. Maliades, 37 Misc 2d 125, affd. 18 A D 2d 1139; Buckley Constr. Corp. v. Hungerford, 16 Misc 299, 301, affd. 8 A D 2d 757; Vidal v. Sheffield Farms Co., 208 Misc. 438).
Defendant Moss in the third listed action cross-moves, in the event that the application for consolidation or joint trial be granted, for trial in New York County. While no supporting affidavit has been submitted, it does appear that each of the Civil Court actions, with a venue in New York County, was commenced prior to the Supreme Court action in Sullivan County. Various factors are considered in selecting the county for trial (see City of Salamanca v. Rocell Constr. Co., 24 Misc 2d 547, 549 ; Leising v. Norton, 206 Misc. 459) but, ordinarily, the county where jurisdiction was first invoked will become the county of the consolidated action or joint trial (Spadaccini v. City of New York, 9 A D 2d 502, 504; Efco Prods. v. Long Is. Baking, 6 A D 2d 832; Bershadsky v. Harvilla, 279 App. Div. 701; Bril v. Storm, 275 App. Div. 954).
The original application is granted to the extent of removing the actions pending in the Civil Court of the City of New York to the Supreme Court, in which there should hé a joint trial of the three actions, the place of trial to be in New York County, with the right to open and close to be determined by the Justice presiding at the time of trial (Dalton v. Gilman Paper Co., 3 A D 2d 631; Yammerino v. Surdi, 283 App. Div. 995; Dwyer v. Devine, 277 App. Div. 807; 4 Weinstein-Korn-Miller, New York Civil Practice, par. 4016.12; 6 Carmody-Wait, New York Practice, pp. 296, 431). The cross motion is denied as academic.