MARION CARPENTER, Appellant, v. ILION NATIONAL BANK, as Executor and Trustee under the Last Will and Testament of MARION CARPENTER, Deceased, and as Executor, etc., of HENRY R. CARPENTER, Deceased, and Others, Respondents, and HARRY W. CARPENTER, Appellant.— Order granting motion of defendants, respondents, for judgment on the pleadings and order denying plaintiff's motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements, with leave to plaintiff to plead over within ten days from entry of the order herein. No opinion. Rich, Kapper, Hagarty and Carswell, JJ., concur; Lazansky, P. J., concurs as to plaintiff but dissents as to defendant Harry W. Carpenter.

RUSSELL CLARK, Respondent, v. ANNA COHN, Appellant, and NEW YORK EVENING POST, INC., Defendant.— Order of the County Court of Nassau county granting plaintiff's motion to compel defendant Anna Cohn to complete her purchase affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

ANTHONY COPPOLA, Respondent, v. THE CITY OF NEW YORK and THOMAS F. DWYER, Commissioner of Public Markets of the City of New York, Appellants.— Order enjoining defendants, *pendente lite*, affirmed, with ten dollars costs and disbursements. We place our affirmance upon the following grounds: The rules and regulations of the department of public markets of the city of New York, approved by the board of estimate and apportionment in 1923, limit "permits" to a monthly period only. The regulation complained of provides for "annual permits." We are of opinion that the commissioner has thus attempted to modify the rule approved by the board of estimate and apportionment, and that, without that board's approval, the commissioner's act was beyond his authority. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

WILLIAM DAVIDSON, Appellant, v. MORSE DRY DOCK AND REPAIR COMPANY, Respondent.— Order setting aside verdict and granting a new trial because of plaintiff's refusal to stipulate to accept $15,000 reversed upon the law and the facts, with costs, motion denied, verdict reinstated and judgment directed to be entered thereon, with costs. The evidence which the jury was free to credit amply justified its verdict and was not justly open to criticism as being excessive as a matter of law or fact. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

EDWARD J. ERLANDSEN, an Infant, by ANNA ELVIRA ERLANDSEN, His Guardian ad Litem, Appellant, v. ELIZABETH A. WEISE, Respondent. ELIZABETH A. WEISE, Plaintiff, v. EDWARD J. ERLANDSEN, Defendant.— Order denying motion to consolidate actions reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The issues being the same in the two actions, and it appearing that respondent will not suffer the loss of any substantial right, consolidation should be granted. (*Lee* v. *Schmeltzer*, 229 App. Div. 206.) Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur.