ABERT GOLDEY, Respondent, *v.* WILLIAM BIERMAN, Appellant:

First Department, June 2, 1922.

Trial — removal and consolidation of actions — change effected by Civil Practice Act, §§ 96 and 97 — action by present defendant against present plaintiff in Municipal Court of City of New York on agreement to pay for defendant's interest in partnership removed to Supreme Court and consolidated with present action for dissolution of partnership.

Sections 96 and 97 of the Civil Practice Act make a substantial change in the practice as provided by sections 817 and 818 of the Code of Civil Procedure. Under the Code of Civil Procedure, to enable the court to consolidate two or more actions, or to remove to itself an action from another court and to con-

solidate it with a Supreme Court action, it was necessary that the actions should be in the name of the same plaintiff and against the same defendant as well as that the actions should be such as might under the then provisions of the Code of Civil Procedure be joined. The Civil Practice Act contains no such limitation and empowers the court to remove and consolidate actions whenever it can be done without prejudice to a substantial right.

An action brought by the present defendant against the present plaintiff in the Municipal Court of the City of New York to recover under an agreement alleged to have been made between the parties, whereby the plaintiff agreed to pay to this defendant a certain sum in consideration that this defendant would vacate the office occupied by the partnership and would assign to this plaintiff all his right, title and interest in and to the lease of said office, and personal property therein, was properly removed to the Supreme Court and consolidated with the present action for the dissolution of the said partnership, which action was commenced prior to the Municipal Court action, for the two causes of action arose out of the same relationship existing between the parties and are so intimately connected that the disposition of one will necessarily involve that of the other.

APPEAL by the defendant, William Bierman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of March, 1922, removing an action pending in the Municipal Court of the City of New York, Borough of Brooklyn, Fifth District, wherein William Bierman is plaintiff and Abert Goldey is defendant, to the Supreme Court and consolidating that action with this action.

*Stroock & Stroock* [*I. B. Levine* of counsel], for the appellant.

*Grauer & Rathkopf* [*Joseph G. Grauer* of counsel], for the respondent.

DOWLING, J.:

This action was begun by the personal service of the summons and complaint herein upon the defendant on November 26, 1921, and is brought for the dissolution of a copartnership between the parties entered into on or about August 15, 1921, whereby they became copartners under the name " New York Urologic Institute," and for an accounting of the said copartnership, as well as for a sale of its assets. After the service of the summons and complaint herein, and on November 29, 1921, the defendant herein caused to be served upon the plaintiff in this action a summons and complaint in an action brought in the Municipal Court of the City of New York, Borough of Brooklyn, Fifth District, from which complaint it appears that defendant herein seeks to recover in said Municipal Court action the sum of $1,000, under an agreement alleged to have been made between the parties on November 6, 1921, whereby this plaintiff is alleged to have agreed to pay to this defendant the sum of $1,034.07 on November ·7,

1921, in consideration that this defendant would vacate the office occupied by said Urologic Institute and would assign to this plaintiff all his right, title and interest in and to the lease of the said office and to all personal property therein contained, except certain personal property belonging exclusively to the defendant. This defendant in said suit claimed that he had vacated the office and complied with all the terms and conditions of the agreement or offered so to do and demanded payment of the money in question which had been refused.

This plaintiff on December 1, 1921, obtained an order to show cause in this action why the trial of the action in the Municipal Court should not be stayed and that action removed from the Municipal Court and consolidated with the present action. That motion was granted. From the order entered thereupon the present appeal is taken.

Section 96 of the Civil Practice Act provides that an action may be severed and actions may be consolidated whenever it can be done without prejudice to a substantial right. Section 97 of the same act provides that where one of the actions is pending in the Supreme Court and another is pending in another court the Supreme Court may by order remove to itself the action in the other court and consolidate it with that in the Supreme Court. These sections make a substantial change in the former provisions of the Code of Civil Procedure. By sections 817 and 818 thereof, to enable the court to consolidate two or more actions, or to remove to itself an action in another court and consolidate it with the Supreme Court action, it was necessary that the actions should be in the name of the same plaintiff and against the same defendant, as well as that the causes of action should be such as might under the then provisions of the Code be joined. The new Civil Practice Act contains no such limitation and empowers the court to remove and consolidate actions whenever it can be done without prejudice to a substantial right.

In the cases now before us the first step was taken by the plaintiff in the present action, the summons in which was dated November 25, 1921, and service was made upon the defendant personally on November 26, 1921. The defendant herein took the first step in his Municipal Court action on the day of service of the summons in the present suit upon him, November 26, 1921, and the summons was served November 29, 1921. Therefore, the priority of action is with the plaintiff.

No good reason has been presented why the discretion of the court should not be exercised in favor of the plaintiff's application,

nor is any satisfactory reason advanced why the defendant would be prejudiced by the relief sought.    The two causes of action arose out of the same relationship existing between the parties in the conduct of the New York Urologic Institute, which the plaintiff claims was conducted by the copartnership, the dissolution of which he seeks as well as an accounting and sale of its assets.    The defendant herein claims that the plaintiff bought out his interest in the lease of the office occupied by the institute, as well as his interest in the effects belonging to the same and agreed to pay him a certain sum therefor.    The two causes of action are so intimately connected, referring to practically the same subject-matter, that the disposition of one will necessarily involve that of the other. A proper case was presented for the exercise of the discretion of the court in granting the motion herein, and the order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.