ANNIE LUKS, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

First Department, July 6, 1925.

Stay — action to recover on insurance policy — prior action by present defendant to cancel policy — stay in this action cannot be granted before answer served — two actions cannot be consolidated before issue raised in both.

An action to recover on a life insurance policy will not be stayed on the application of the defendant made on the ground that it has commenced a prior action to have the policy canceled, where at the time the application for stay is made no answer has been served on the plaintiff; a stay will not be granted until an action is at issue.

For the same reason the two actions cannot be consolidated.

APPEAL by the plaintiff, Annie Luks, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of March, 1925, granting defendant's motion for a stay of the action pending the determination of an action in equity brought by the defendant against the plaintiff and another, and denying the cross-motion of the plaintiff for a consolidation of the two actions.

*Joseph L. Prager* [*Harris Jay Griston* with him on the brief], for the appellant.

*Louis H. Cooke* [*Ferdinand H. Pease* of counsel], for the respondent.

FINCH, J.:

This action was commenced on February 6, 1925, to recover the sum of $5,000 under a policy of life insurance issued by the defendant upon the life of one Abraham Luks, plaintiff's son, in which policy the plaintiff and her husband, Leon Luks, were named as beneficiaries. Prior to the commencement of the action Leon Luks had assigned to the plaintiff all his right, title and interest in the policy. Said policy was issued on or about December 20, 1922. The insured died on or about April 8, 1923. In November, 1924, the defendant herein brought an action in equity against the beneficiaries named in the policy for the cancellation of the policy, upon the ground as stated in the complaint that the insured had in his written application represented that he had never consulted a physician for or suffered from any ailments or disease, and agreed that the insurance should not take effect unless and until the policy was delivered and then only if the applicant had not consulted or been treated by any physician since his medical examination. That after the delivery of the policy and subsequent to the death of the insured, the defendant herein discovered that the insured had consulted and been treated by physicians between the date of his application and the delivery of the policy. The defendant herein, as plaintiff in said equity action, further alleged it had no adequate remedy at law, because the policy by its terms was incontestable after two years from its date except for non-payment of premiums. After the two-year period had expired the plaintiff brought this action and the defendant moved to stay the same.

No answer has been served in the present action. Since, therefore, the action is not at issue, the stay should not have been granted. This is the correct rule to apply even though it may appear that the defendant will serve an answer. Inference as to what may happen never approaches the certainty of what has happened and just what issues the answer, when filed, will raise will depend on the circumstances of the case and the knowledge and desire of the defendant at the time of drawing the answer. It is possible, even if it does not now appear probable, that the claim may not then be contested. As was said in *Raymore Realty Co. v. Pfotenhauer-Nesbit Co.* (139 App. Div. 126): " The fact that issue has not been joined in the foreclosure action should have defeated the motion, for until that time it may not be known whether there will be any issue to try, the trial of which should be stayed."

In *International Post Card Co.* v. *Lithograph & Mfg. Co. of the United States* (144 App. Div. 72), also, it was said: " Besides, the trial of an action ought not to be stayed until after issue has been joined. Until then it cannot be determined whether there is any necessity for a stay. For aught that appears the claim of the plaintiff may not be contested."

For the same reason the motion to consolidate was properly denied. Before there could be a consolidation it would have to appear by an answer that there was an issue to be tried; otherwise there would be no issue to consolidate with the present issue.

It follows that the order appealed from should be modified so as to reverse that portion granting the stay and instead denying said motion, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., DOWLING, MCAVOY and MARTIN, JJ., concur.

Order modified so far as to deny defendant's motion for a stay pending the determination of the action in equity between the same parties, and as so modified affirmed, with ten dollars costs and disbursements to appellant.