BERTHA R. LEE, Respondent, *v.* " JOHN " R. SCHMELTZER, the Name " John " Being Fictitious, and Others, Copartners, Doing Business under the Firm Name and Style of J. R. SCHMELTZER & Co., Appellants.

First Department, May 2, 1930.

*Edward T. McLaughlin* of counsel [*Abraham Shamos* with him on the brief; *Guggenheimer, Untermyer & Marshall,* attorneys], for the appellants.

*Bertram A. Mayers* of counsel [*Morris D. Kopple,* attorney], for the respondent.

FINCH, J. From an order consolidating an action pending in Richmond county with this action and directing that the complaint

in this action be the complaint in the consolidated action and the complaint in the Richmond county action the answer and counterclaim herein, defendants herein appeal.

This action was commenced first, against a firm of stockbrokers, to recover damages alleged to have been caused by misrepresentation and conversion. About a month later the firm of brokers, defendants herein, brought an action in Richmond county to recover a balance claimed to be due on the same brokerage account. This action and the action in Richmond county arise out of the same transactions, and the action first tried will be *res adjudicata* as to the other. (*Reich* v. *Cochran*, 151 N. Y. 122.)

The Civil Practice Act has liberalized the procedure of the courts in reference to consolidation of actions in the interests of justice. The only limitation upon the power of the courts to consolidate is where it prejudices a substantial right. (Civ. Prac. Act, § 96; *Goldey* v. *Bierman*, 201 App. Div. 527.) In giving effect to this section, the courts have had before them two conflicting principles, namely, priority of action in the cause first commenced and, in the other, the right of the plaintiff to open and close. In the absence of exceptional situations it is submitted that priority of action should govern. (*Goldey* v. *Bierman*, 201 App. Div. 527.) Justice DOWLING (now presiding justice) there said (p. 529): " In the cases now before us the first step was taken by the plaintiff in the present action, the summons in which was dated November 25, 1921, and service was made upon the defendant personally on November 26, 1921. The defendant herein took the first step in his Municipal Court action on the day of service of the summons in the present suit upon him, November 26, 1921, and the summons was served November 29, 1921. Therefore, the priority of action is with the plaintiff.

" No good reason has been presented why the discretion of the court should not be exercised in favor of the plaintiff's application, nor is any satisfactory reason advanced why the defendant would be prejudiced by the relief sought."

Likewise in *Schuehle* v. *Reiman* (86 N. Y. 270), Judge DANFORTH, writing for the court, said (p. 273): " Where the object of two legal proceedings is the same, convenience as well as a proper regard for the rights of debtor and creditor require if possible that the fund in which both are interested should be subjected to diminution by one litigation only, and the parties themselves spared the unnecessary labor and expense of conducting two controversies over the same matter. It would seem also that if both tribunals, whose interference has been invoked, have equal or concurrent jurisdiction, it should continue to be exercised by that one whose process was first

issued. (*Rogers* v. *King*, 8 Paige, 210; *Groshon* v. *Lyon*, 16 Barb. 461; *Travis* v. *Myers*, 67 N. Y. 542.) "

The appellants urge that even though subsequent to the bringing of this action herein they went into another county and started suit involving the same transactions, instead of counterclaiming herein, thereby they may limit the authority given to the courts by the Legislature in the Civil Practice Act. (Civ. Prac. Act, § 96.) In aid of this contention they urge that no order of consolidation may be made which does not afford them the right to open and close in the consolidated action. (Citing *Gibbs* v. *Sokol*, 216 App. Div. 260.) It is settled that a defendant need not counterclaim but may start an independent action even though arising out of the identical transactions relied upon by the plaintiff in the suit first brought. (*Robinson* v. *Whitaker*, *Nos. 1–4*, 205 App. Div. 286.) When a defendant so proceeds, however, his right to open and close may be held subordinate to the legislative enactment expressly giving authority to the courts to consolidate actions. Unless it be held that the courts may grant consolidation where an action is subsequently brought arising out of the same transaction without awarding to the plaintiff in the latter action the right to open and close, then it follows that every defendant against whom suit is brought and who possesses an alleged counterclaim will be in a position to wrest from a plaintiff the right to open and close by instituting in a forum of his own choice an action upon the identical transaction, substantially similar in all respects to the prior action except that the parties are reversed. Upon the other hand, a rule which leaves the right to open and close with the plaintiff in the action first brought not only does not foster such a practice, but does not take away such right from a plaintiff to whom it belongs. Of course to such a rule there are exceptions. One such would be where the action first brought did not present a substantial issue to be tried and was obviously started for the purpose of delay or only to obtain the right to open and close.

Appellants further urge that the legislative authority given by section 96 of the Civil Practice Act is limited by subdivision 2 of rule 63 of the Rules of Civil Practice, which provides, among other things, " a motion on notice cannot be made in the First District in an action triable elsewhere," and as sustaining their contention cite the case of *Dupignac* v. *Van Buskirk* (44 Hun, 45).

The aforesaid provision of rule 63 relates to the ordinary motions for relief within an action, and not to a motion which, by its terms, presents a question whether there should be a consolidation with another action. The decision in *Dupignac* v. *Van Buskirk* (*supra*) should be limited to its own peculiar facts. Assuming, however,

that said case construed rule 63 (then section 769 of the Code of Civil Procedure) as preventing, generally, any motion for consolidation when the venue of the respective actions was laid in different counties, then that case as a precedent and the wording of rule 63 must be held to be now superseded by the wider authority to effect consolidations given by the Legislature to the courts. (Civ. Prac. Act, § 96.) Of course this power to consolidate should not ordinarily be exercised when the matter in the court from which it is sought to transfer the cause is there actually *sub judice*, as was the fact in the case referred to (*Dupignac* v. *Van Buskirk, supra*), a motion for an injunction being then actually pending before Mr. Justice LAWRENCE which led to that decision.

The appellants further urge that no order of consolidation may be made, since the action herein is not at issue, citing *Luks* v. *New York Life Ins. Co.* (213 App. Div. 623). In that action the plaintiff had originally brought an action in equity for rescission and the court there followed precedent by denying an application for a stay because issue had not been joined. (*Raymore Realty Co.* v. *Pfotenhauer-Nesbit Co.*, 139 App. Div. 126; *International Post Card Co.* v. *Lithograph & Mfg. Co.*, 144 id. 72.) In the *Luks* case (*supra*) a cross-motion had been made for consolidation, which was denied and the denial affirmed for the reason that it did not appear that there would be an issue in the action, because the plaintiff in the equity action, by failing to answer in the law action and instead applying for a stay, raised a doubt as to whether it intended to answer. If the defendant in the law action had intended to raise an issue, it could have answered that it had brought an action for rescission on the ground of misrepresentation before the policy had become incontestable. In the case at bar, while it is true that issue has not been joined, yet that there will be an issue, and its nature is not in doubt. The rule applied in *Luks* v. *New York Life Ins. Co.* (*supra*) was called for by the particular facts of the case. It is not an invariable rule of general application. It was stated in *Gibbs* v. *Sokol* (216 App. Div. 260) that the rule requiring that actions be at issue is not invariable.

It follows that the order granting consolidation herein should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.