BRINK'S EXPRESS Co., INC., Respondent, *v.* MARIETTA BURNS, Appellant, Impleaded with GEORGE CROAK, Defendant.

Fourth Department, November 12, 1930.

*Earle C. Bastow*, for the appellant.

*Hobart L. Morris* [*Woodward W. Guile* of counsel], for the respondent.

EDGCOMB, J. On motion of the appellant, Marietta Burns, the Supreme Court has removed to itself an action commenced in the County Court of Oneida county by the Brink's Express Co., Inc., against Mrs. Burns to recover the sum of $282, property damage claimed to have been sustained by the express company when its truck collided with a Ford car driven by appellant upon a public highway in the county of Oneida, and has consolidated such action with one brought in the Supreme Court of Oneida county by Mrs. Burns against the express company and its servant, George Croak, to recover the sum of $25,000, damages to her person which she claims to have sustained in the same accident.

The two actions having arisen out of the same transaction, and the evidence relating to the right of each party to recover being the same in both actions, there is no reason why they should not be tried together, unless the rights of one party or the other will seriously be affected by such procedure. The tendency of modern practice is to conserve the time of the court, and, so far as may properly be done, to compel common issues of law and fact to be tried in one action. No fault is found with the consolidation of the cases. Appellant asked for it, and respondent does not object to it.

Appellant's objection is confined to the conditions imposed to the granting of her motion. The order provided that the parties to the consolidated action should be transposed from what they were when the Supreme Court action was commenced, and that the express company should become the plaintiff and Mrs. Burns the defendant. From this part of the order Mrs. Burns appeals. She insists (1) that the court had no power to make such an order; (2) that if such power exists the court abused its discretion. We cannot agree with either contention.

Section 96 of the Civil Practice Act permits a consolidation and severance of actions wherever that can be done without prejudice to a substantial right of a party. Section 97 of the same act authorizes the Supreme Court to remove to itself an action pending in another court and consolidate it with one pending in the Supreme Court. It is true that this latter section contains no limitation upon the power of the court to grant such an order, and says nothing about the preservation of a party's substantial right, if such procedure is followed, but we think that the two sections should be read together, and the provision safeguarding the substantial rights of a party as set forth in section 96 should be read into section 97, and be made to apply to all consolidations, whether all of the actions were originally brought in the Supreme Court, or whether a part were commenced there and the others in another court, and were subsequently removed to the Supreme Court. (*Lebowitz* v. *Leach Steel Corp.*, 227 App. Div. 761; *White* v. *Richmond Light & Railroad Co.*, 211 id. 861; *Goldey* v. *Bierman*, 201 id. 527; *Lutus* v. *Labor*, 222 id. 132.)

The power to order pending actions consolidated has always rested in the sound discretion of the court. (*Argyle Co.* v. *Griffith*, 128 App. Div. 262; *Goldey* v. *Bierman*, 201 id. 527.)

Any court would hestitate to grant a discretionary order which would deprive either party of a real and existing right.

It is clear, therefore, that the court below was not compelled to preserve the status of the parties as it existed when the Supreme Court action was commenced, but could, if the interests and rights of the parties demanded, make such change as justice required.

Having such power, the only question remaining to be determined is whether the court abused its discretion in making the order appealed from. Just what constitutes a substantial right or what act would result unfavorably to such a right is not defined by the statute. We are given a negative rather than a positive rule.

The privilege of opening and closing a case is not only a substantial but an important right given to the party having the affirmative

of the issue. (*Heilbronn* v. *Herzog,* 165 N. Y. 98; *Lake Ontario Nat. Bank* v. *Judson,* 122 id. 278; *Conselyea* v. *Swift,* 103 id. 604; *Gibbs* v. *Sokol,* 216 App. Div. 260; *Matter of Hopkins,* 97 id. 126.) The express company had such right in the action brought in the County Court, but not in the Supreme Court action. The County Court action was commenced first, and was at issue several months before the one brought by Mrs. Burns. That fact should be taken into consideration and given great weight in determining whether a consolidation of the two actions will work to the detriment of either party, and who should be made the plaintiff in the consolidated action. (*Lee* v. *Schmeltzer,* 229 App. Div. 206.) In the case just cited the Appellate Division of the First Department held, where actions were to be consolidated, that, in the absence of exceptional situations, priority of action should govern. Undoubtedly there are cases where precedence in the commencement of an action should not be made the controlling factor in the court's decision of the terms upon which the actions will be joined. The mere fact that one party wins a race to see who can commence an action first, where there are conflicting rights arising out of the same transaction, does not necessarily mean that his right to open and close, if his action is consolidated with another brought by the other party, is so real and important that it cannot be taken away from him. Other things being equal, however, priority of action is a most important factor in determining motions of this character.

If the only purpose of the movant was to try both actions at one time, and thus save the time and expense incident to two trials, she could have accomplished that very purpose by setting up her cause of action as a counterclaim in the County Court action brought by the express company against her. True, her demand for damages was greatly in excess of the jurisdiction of the County Court, had she attempted to bring her action there. But after that court has acquired jurisdiction, it has power to try and render judgment upon any counterclaim, no matter what the amount of the judgment demanded against the plaintiff may be. (*Howard Iron Works* v. *Buffalo Elevating Co.,* 176 N. Y. 1.)

Had the appellant followed such course, the County Court action could have been speedily tried, and all the issues which are now raised in the two actions could have been determined without harm to the rights of either party. Croak could have been brought in as a party to the County Court action. (Civ. Prac. Act, § 271.)

By interposing her counterclaim in the County Court, appellant was not bound to try her case in that court. If she desired, she could have made a motion to remove it to the Supreme Court. Section 67 of the Civil Practice Act, which relates to the jurisdiction

of the County Court, was amended by chapter 214 of the Laws of 1926, by adding to subdivision 3 a provision that " if, in any action brought in said court, a counterclaim for more than three thousand dollars shall be interposed, the Supreme Court, on the application of either party, made in the judicial district embracing the county, may upon motion remove the cause to the Supreme Court, whereupon such action shall proceed and be heard as if originally brought therein." A similar provision is found in section 11 of article 6 of the Constitution of New York State.

It is true that Mrs. Burns had a perfect right to sue upon her claim in the forum of her choice, and was not bound to set it up by way of counterclaim in the suit of her opponent. (*Brown* v. *Gallaudet*, 80 N. Y. 413; *Rosenberg* v. *Slotchin*, 181 App. Div. 137; *Ogden* v. *Pioneer Iron Works*, 91 id. 394, 396.) But had she done so, and had the action been tried in either the County or the Supreme Court, the express company would have been the plaintiff and would have been entitled to open and close, and the rights which it gained by commencing its action first would not have been disturbed. Such right should not now be disturbed at the request of appellant. Under these circumstances, it might well be considered that the appellant, by making this motion, waived her right to open and close. (*Gibbs* v. *Sokol*, 216 App. Div. 260.)

We think that the respondent had acquired rights which the court was bound to respect, if appellant's motion was to be granted, and that the conditions imposed by the learned court below to the consolidation of the actions were just and proper.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order, so far as appealed from, affirmed, with ten dollars costs and disbursements.