GUY SIMMONS, Plaintiff, *v.* A. B. GOLDSMITH and Another, Defendants.

DONALD GUY SIMMONS, Plaintiff, *v.* A. B. GOLDSMITH and Another, Defendants.

County Court, Albany County, December 21, 1933.

*John T. DeGraff*, for the moving parties.

*Carter & Conboy [J. Stanley Carter* of counsel], for the respondents.

GALLUP, J. This motion arises out of a collision between two automobiles, which occurred on the 15th day of September, 1933, in the city of Albany. One automobile was owned by A. B. Goldsmith and driven by Morris Myerson. The other was owned by Donald Guy Simmons and was being driven by Guy Simmons.

On September eighteenth Guy Simmons brought an action in this court against A. B. Goldsmith and Morris Myerson to recover damages for personal injuries growing out of the collision, and on the same date an action was commenced by Donald Guy Simmons in this court against A. B. Goldsmith and Morris Meyerson to recover property damages. The summons in each of said actions was served on the defendant Morris Myerson on September 19 and on the defendant A. B. Goldsmith on September 20, 1933.

On September 21, 1933, Morris Myerson issued a summons out of the City Court of Albany in which Guy Simmons and Donald Guy Simmons were named as defendants, and this summons was served on September twenty-second on each of them. Myerson is seeking to recover damages for personal injuries arising out of the collision.

This motion is made by Guy Simmons and Donald Guy Simmons for the removal of the action brought by Morris Myerson in the City Court of Albany to this court and for a consolidation of said action with the actions brought by Guy Simmons and Donald Guy Simmons in this court against A. B. Goldsmith and Morris Myerson.

There does not seem to be any serious objection raised by counsel for Myerson against the removal and consolidation, but he insists that Myerson should be the plaintiff in the consolidated actions, if his action is removed from the City Court and the actions are consolidated. The moving counsel likewise contends that his

clients, Guy Simmons and Donald Guy Simmons, should be the plaintiffs in the consolidated actions.

This question has been passed upon by the First and Fourth Departments of the Appellate Division on three occasions which have been called to my attention. The first case was that of *Gibbs* v. *Sokol,* decided by the Fourth Department (216 App. Div. 260). In that case the court held that the moving parties had, by their motion, waived the right to be plaintiffs, and the consolidation was ordered making them defendants on the trial. The next case was that of *Lee* v. *Schmeltzer,* decided by the First Department (229 App. Div. 206). In that case the moving party had brought his action in New York county some six months before the other action, which was brought in Richmond county, and the court held that, because of the moving party having started his action first, upon a consolidation he should continue to be plaintiff. We next have the case of *Brink's Express Co., Inc.,* v. *Burns,* decided by the Fourth Department (230 App. Div. 559). In that action the moving party sought to remove an action brought against her in the County Court to the Supreme Court and consolidate it with an action brought by her in the Supreme Court against the Brink's Express Company. The action brought by the Brink's Express Company in the County Court was at issue several months before the moving party brought her action in the Supreme Court. The issue there raised was as to who should be the plaintiff on the consolidation, and the court there said, referring to the fact that the County Court action had been at issue several months before the action was brought in the Supreme Court by the moving party, " that fact should be taken into consideration and given great weight in determining whether a consolidation of the two actions will work to the detriment of either party, and who should be made the plaintiff in the consolidated action." The court, citing *Lee* v. *Schmeltzer* (*supra*), further said that where actions are to be consolidated, in the absence of exceptional situations, priority of actions should govern.

In the case of *Lee* v. *Schmeltzer* (*supra*), in discussing the practice of a defendant, after he is served, starting an action in another jurisdiction and subsequently claiming that on a consolidation his right to open and close should not be taken away from him, the court uses the following language: " Unless it be held that the courts may grant consolidation where an action is subsequently brought arising out of the same transaction without awarding to the plaintiff in the latter action the right to open and close, then it follows that every defendant against whom suit is brought and who possesses

an alleged counterclaim will be in a position to wrest from a plaintiff the right to open and close by instituting in a forum of his own choice an action upon the identical transaction, substantially similar in all respects to the prior action except that the parties are reversed. Upon the other hand, a rule which leaves the right to open and close with the plaintiff in the action first brought not only does not foster such a practice, but does not take away such right from a plaintiff to whom it belongs."

In the case of *Goldey* v. *Bierman* (201 App. Div. 527), where the facts were practically identical with the facts in this case, the court held that the priority of action was the determining factor as to who should be plaintiff. The court there said: " In the cases now before us the first step was taken by the plaintiff in the present action, the summons in which was dated November 25, 1921, and service was made upon the defendant personally on November 26, 1921. The defendant herein took the first step in his Municipal Court action on the day of service of the summons in the present suit upon him, November 26, 1921, and the summons was served November 29, 1921. Therefore, the priority of action is with the plaintiff."

A careful reading of the authorities leads me to the conclusion that the present trend of the appellate courts in dealing with this subject of consolidation is to preserve the right to be plaintiff, and, therefore, open and close, to the party who took the first step; in other words, to the one who commenced his action first, in the absence of exceptional situations. I do not find any exceptional situation in the instant case calling for any modification or different application of the rule.

For these reasons, the motion to remove and consolidate is granted with the right of the plaintiffs in the County Court actions to be plaintiffs in the consolidated actions.