PHIL-OR TEXTILE SHRINKING CORPORATION, Plaintiff, *v.* MONARCH TEXTILE SHRINKING CORPORATION, Defendant.

MONARCH TEXTILE SHRINKING CORPORATION, Plaintiff, *v.* PHIL-OR TEXTILE SHRINKING CORPORATION, Defendant.

Supreme Court, Special Term, New York County, September 14, 1936.

*Markewich & Null,* for the Phil-Or Textile Shrinking Corporation.
*Joseph Gans,* for the Monarch Textile Shrinking Corporation.

McLaughlin (Charles B.), J.   A motion was made by the Phil-Or Shrinking Corporation to consolidate the above-entitled actions, and this court in granting the motion, decided that the Monarch Textile Shrinking Corporation was entitled to the right to open and close.

However, leave to reargue the motion was granted, and upon a further consideration of the authorities, the court is of the opinion that this privilege of opening and closing, which, of course, is a substantial one, should be accorded to the Phil-Or Textile Shrinking Corporation, despite the fact that it was the movant for consolidation.

A perusal of the cases dealing with the right to open and close in a consolidated action persuades the court that the more authoritative and logical rule is that this privilege should be awarded to the party who took the first step, where there exist no exceptional factors. Although the statement is made in some cases that the right to open and close is waived by the moving party, no case is available that clearly shows that the party, who was deemed to have waived his right, made the original move in the litigation.

In *Goldey* v. *Bierman* (201 App. Div. 527, at p. 529) is found: " In the cases now before us the first step was taken by the plaintiff in the present action, the summons in which was dated November 25, 1921, and service was made upon the defendant personally on November 26, 1921.   The defendant herein took the first step in his Municipal Court action on the day of service of the summons in the present suit upon him, November 26, 1921, and the summons was served November 29, 1921.   Therefore, the priority of action is with the plaintiff."

The plaintiff, who was given the right to open and close, was *the moving party.*

In *Gibbs* v. *Sokol* (216 App. Div. 260) it is stated (at p. 263): " The moving parties by the very act of making the motion waive this right."   However, the facts recited in the opinion do not reveal which side had the priority of action.

*Lee* v. *Schmeltzer* (229 App. Div. 206) contains the following (at p. 208): " Unless it be held that the courts may grant consolidation where an action is subsequently brought arising out of the same transaction without awarding to the plaintiff in the latter action the right to open and close, then it follows that every defendant against whom suit is brought and who possesses an alleged counterclaim will be in a position to wrest from a plaintiff the right to open and close by instituting in a forum of his own choice an action upon the identical transaction, substantially similar in all respects to the prior action except that the parties are reversed.   Upon the other

hand, a rule which leaves the right to open and close with the plaintiff in the action first brought not only does not foster such a practice, but does not take away such right from a plaintiff to whom it belongs." And also in the same case (at p. 207): " In giving effect to this section, the courts have had before them two conflicting principles, namely, priority of action in the cause first commenced and, in the other, the right of the plaintiff to open and close. In the absence of exceptional situations it is submitted that priority of action should govern. (*Goldey* v. *Bierman*, 201 App. Div. 527.) "

In *Brink's Express Co., Inc.*, v. *Burns* (230 App. Div. 559, 561): " The privilege of opening and closing a case is not only a substantial but an important right given to the party having the affirmative of the issue [citing cases]. The express company had such right in the action brought in the County Court, but not in the Supreme Court action. The County Court action was commenced first, and was at issue several months before the one brought by Mrs. Burns. That fact should be taken into consideration and given great weight in determining * * * who should be made the plaintiff in the consolidated action (*Lee* v. *Schmeltzer*, 229 App. Div. 206). * * * Other things being equal, however, priority of action is a most important factor in determining motions of this character."

In *Simmons* v. *Goldsmith* (149 Misc. 793) the court, after reviewing the authorities on this topic, concludes (at p. 796): " that the present trend of the appellate courts in dealing with this subject of consolidation is to preserve the right to be plaintiff, and therefore, open and close, to the party who took the first step; in other words, to the one who commenced his action first, in the absence of exceptional situations."

In *Watts* v. *Steinert* (246 App. Div. 778) the court states that the right to open and close " should have been accorded Steinert under settled authority. (*Gibbs* v. *Sokol*, 216 App. Div. 260; *Lee* v. *Schmeltzer*, 229 id. 206; *Brink's Express Co., Inc.*, v. *Burns*, 230 id. 559.) " But no light is shed upon whether Watts or Steinert had priority of action.

In the controversy at hand, the complaint of the Phil-Or Corporation was verified on April 8, 1936, but the summons and this verified complaint were not served until April 28, 1936. On April 27, 1936 a summons (without any verified complaint) was served in the " Monarch " action. Although the " Monarch " action was started by the service of a summons one day prior to the commencement of the " Phil-Or " action, it seems quite clear that the first step in this litigation was made by the Phil-Or Corporation.

Affidavits describe the many futile attempts at service upon the Monarch Corporation and acts upon the part of the latter, which might well be construed as evasion of service. They also depict the endeavor by a third party to amicably settle the controversy, which seemed to have been sponsored by the Monarch Corporation and which tended to lessen the efforts at service on the part of the attorneys for the Phil-Or Corporation, and then the sudden service of the summons in Monarch action. A careful reading of all the papers submitted by both sides convinces the court that the original move in the institution of these actions was made by the Phil-Or Corporation, and that to allow the benefits of priority of action to the Monarch Corporation, because of its one day advantage in service of summons, would be inequitable.

Clearly it would appear that from the foregoing *résumé* showing the special circumstances, which always move the court to grant the right to open and close to the party taking the first step in the litigation, the order of this court dated July 23, 1936, should be modified in the following manner: The Phil-Or complaint shall be the complaint in the consolidated action, the answer and complaint of the Monarch Corporation shall be the answer and counterclaim in such action and the answer of Phil-Or shall be the reply therein. The Phil-Or Corporation shall have the right to open and close. Settle order.