GEORGE VAN DEVORT, Doing Business under the Name and Style of J. A. THORPE & COMPANY, Respondent, *v.* K. & H. EVAPORATING COMPANY, INC., Appellant. (Action No. 1.)

K. & H. EVAPORATING COMPANY, INC., Appellant, *v.* GEORGE VAN DEVORT, Doing Business under the Assumed Business Name of J. A. THORPE & Co., Respondent. (Action No. 2.)

(Consolidated Action.)

Fourth Department, June 30, 1937.

*H. Douglass Van Duser,* for the appellant K. & H. Evaporating Company, Inc.

*James E. Cuff,* for the respondent George Van Devort.

EDGCOMB, J. We are called upon to review the propriety of an order which consolidates an action brought by the respondent Van Devort against the appellant K. & H. Evaporating Company,

Inc., with one commenced by said appellant against said respondent, in which order the respondent Van Devort is given the right to open and close in the consolidated action.

Both causes of action arose out of the same transaction, and each party seeks to recover the damages sustained by reason of the alleged breach by the other of two contracts for the sale and purchase of evaporated apple rings at an agreed price. The respondent Van Devort fixes his damage at $55.13, and the appellant K. & H. Evaporating Company, Inc., at $900.

Appellant does not object to the consolidation of the actions. Its complaint is confined to that part of the order which gives the movant, Mr. Van Devort, the right to open and close in the consolidated action.

In conferring power upon the court to combine pending actions, the Legislature has safeguarded the substantial rights of the parties. (Civ. Prac. Act, § 96.) The privilege of opening and closing is such a right. (*Heilbronn* v. *Herzog*, 165 N. Y. 98, 101; *Lake Ontario National Bank* v. *Judson*, 122 id. 278, 282.)

No arbitrary or inflexible rule has been devised by which it can be determined to a certainty which party in a consolidated action should be permitted to open and close. Certain principles have been suggested as useful in the decision of that question, but their applicability depends upon the peculiar facts and circumstances of the particular case. It was suggested in *Gibbs* v. *Sokol* (216 App. Div. 260) that by making the motion for consolidation the movant waives such right. The force of such a rule has been somewhat weakened by later decisions. (*Brink's Express Co., Inc.*, v. *Burns*, 230 App. Div. 559; *Lee* v. *Schmeltzer*, 229 id. 206.)

While the present trend of the courts is to give heed to the rights of the party who first brings his action, that rule is, by no means, a controlling factor to be followed in all cases. We were very careful to so state in our opinion in *Brink's Express Co., Inc.*, v. *Burns* (230 App. Div. 559, 562.)

While Mr. Van Devort's action was commenced eight days prior to that of the appellant, the latter's case was at issue thirty-one days sooner. This came about by reason of the fact that respondent commenced his action by the service of the summons alone, while appellant served its complaint with its summons. Appellant laid the venue of its action in Ontario county. The place of trial was later changed to Monroe county because the county designated in the summons as the place of trial was not the proper one. While respondent won the race so far as the commencement of the actions is concerned, his advantage was short-lived. The laurels must be awarded the appellant in getting the case at issue, and in shape for trial.

This is not a case, in our opinion, where priority in the commencement of the actions should give the winner the right to open and close on the trial of the consolidated action. Under the peculiar facts disclosed by the record, we think that privilege should be accorded the appellant.

For the reasons stated, we have reached the conclusion that the order appealed from should be modified by providing that the appellant K. & H. Evaporating Company, Inc., should be given the right to open and close in the consolidated action instead of the respondent Van Devort, and as modified that the order should be affirmed.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

Order modified by providing that the appellant K. & H. Evaporating Co., Inc., should be given the right to open and close in the consolidated action instead of the respondent Van Devort and as modified affirmed, with ten dollars costs and disbursements to the appellant.