EDWARD P. CASANAVE and CHARLES L. CASANAVE, Respondents, v. HERMAN ROBBINS and Others, Appellants.— In an action for a declaratory judgment, order, in so far as it denies defendants' motions to dismiss the complaint as insufficient in law, reversed on the law and the facts, with one bill of ten dollars costs and disbursements, and the motion granted to the extent of dismissing the complaint, with one bill of ten dollars costs, with leave to serve an amended complaint within ten days from the entry of the order hereon. In the exercise of sound discretion, an action for a declaratory judgment should not be entertained on the facts set out in the complaint herein. The plaintiff Edward P. Casanave should seek his remedy in a direct action for damages as all the rights in his favor against the defendants have accrued and may be redressed in an action or actions at law. (*Frishon Realty Corp.* v. *Stern*, 261 App. Div. 990.) The coplaintiff Charles L. Casanave is not a real party in interest under the facts set out in the complaint. The allegations of the complaint merely allege grievances in Edward P. Casanave. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

CHARLES L. CASANAVE, Suing in His Capacity as Stockholder and Director of NATIONAL SCREEN ACCESSORIES, INC., as Stockholder and Director of ADVERTISING ACCESSORIES, INC., and as a Director and One Beneficially Interested in the Stock of AMERICAN DISPLAY COMPANY, INC., and All Those Similarly Situated, Plaintiff, v. HERMAN ROBBINS and Others, Defendants. EDWARD P. CASANAVE and CHARLES L. CASANAVE, Respondents, v. HERMAN ROBBINS, TOBY GRUEN, HARRY A. SAMWICK, NATIONAL SCREEN SERVICE CORPORATION, NATIONAL SCREEN ACCESSORIES, INC., and AMERICAN DISPLAY COMPANY, INC., Appellants. HERMAN ROBBINS and TOBY GRUEN, as Directors of NATIONAL SCREEN ACCESSORIES, INC., and NATIONAL SCREEN SERVICE CORPORATION, Plaintiffs, v. CHARLES L. CASANAVE, Defendant.— Order entered on reargument, as resettled, granting motion to consolidate an action pending and at issue in New York county, with an action pending but not at issue in Westchester county, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. The granting of the motion violated section 96 of the Civil Practice Act, in that it prejudiced substantial rights of the plaintiffs in the New York county action, which action was about to be reached for trial. The general rule (*Luks* v. *New York Life Ins. Co.*, 213 App. Div. 623) that actions will not be consolidated where identity of issue cannot be determined because issue has not been joined should have been given effect. The rule is not inflexible

but the circumstances herein did not justify departure therefrom. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.