KAPPA FROCKS, INC., Appellant, *v.* ALAN FABRICS CORPORATION, Respondent.

ALAN FABRICS CORPORATION, Respondent, *v.* KAPPA FROCKS, INC., Appellant.

First Department, February 13, 1942.

*Sidney Markowitz* of counsel [*Markowitz & Markowitz*, attorneys], for the appellant.

*Samuel Poses* of counsel [*Jacob Imberman* with him on the brief; *Poses, Katcher & Driesen*, attorneys], for the respondents.

COHN, J. Appellant Kappa Frocks, Inc., hereinafter referred to as " Kappa," appeals from so much of an order of consolidation of two actions as grants to respondent Alan Fabrics Corporation, hereinafter referred to as " Alan," the right to open and close upon the trial of the consolidated action.

The privilege of opening and closing a case before the jury is a substantial and important right given to the party having the affirmative of the first issue of fact raised by the pleadings, and an appeal may be taken as of course from an order denying such a right. (*Heilbronn* v. *Herzog,* 165 N. Y. 98; *L. O. N. Bank* v. *Judson,* 122 id. 278; *Van Devort* v. *K. & H. Evaporating Co., Inc.,* 252 App. Div. 8; 4 Carmody's New York Practice, § 1302; Civ. Prac. Act, § 609.)

The consolidated action here, in essence, is one for goods sold and delivered by respondent Alan to appellant Kappa for an agreed price. Kappa's answer denies acceptance by it of the goods and the agreed and reasonable value thereof, and sets up a counterclaim for damages for breach of warranty. Obviously, respondent Alan, the seller, has the affirmative of the issue as to acceptance and the value of the goods and under ordinary circumstances would be entitled to open and close. Has it lost that right by reason of the fact that appellant Kappa began its action for breach of warranty on September 15, 1941, by service of a summons alone a few hours before respondent Alan had served upon Kappa a summons and verified complaint? Alan served and caused to be filed a note of issue in its action and immediately moved for and obtained a preference on the Trial Term Calendar. In all this time appellant Kappa made no attempt to file a note of issue or to have its action placed upon the calendar.

This court has stated that in the absence of exceptional situations the right to open and close is given to the party who first brings his action. (*Lee* v. *Schmeltzer*, 229 App. Div. 206, 207; *Goldey* v. *Bierman*, 201 id. 527, 529.) However, the rule of priority of action does not control in all cases. " The mere fact that one party wins a race to see who can commence an action first, where there are conflicting rights arising out of the same transaction, does not necessarily mean that his right to open and close, if his action is consolidated with another brought by the other party, is so real and important that it cannot be taken away from him." (*Brink's Express Co., Inc.*, v. *Burns*, 230 App. Div. 559, 562. See, also, *Van Devort* v. *K. & H. Evaporating Co., Inc., supra.*)

Adhering to substance rather than to form in the case before us, it would appear that priority of action is in reality with Alan. (*Dexter Sulphite Pulp & Paper Co.* v. *Hearst*, 206 App. Div. 101, 106, 107.) In the circumstances, to allow the benefit of priority of action to Kappa because of its few hours of advantage in the service of the summons would be inequitable and unjust. In our view the Special Term correctly disposed of the matter by according to respondent the right to open and close.

The order, so far as appealed from, should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously affirmed, with twenty dollars costs and disbursements.