ELIZABETH D'ANGELO, Doing Business as MALVINA BEAUTY SALON, Plaintiff, *v.* HANRUTH REALTY CORP., et al., Defendants.

Supreme Court, Special Term, Kings County, December 11, 1947.

*Michael I. Winter* for plaintiff.

*Rubinton and Coleman* for Hanruth Realty Corp. and another, defendants.

*Sidney Naishtate* for Morris Horowitz, defendant.

FROESSEL, J. Hanruth Realty Corp. is the owner and Globe Operating Co., Inc., the lessee, of an entire building, the store of which is tenanted by Morris Horowitz, and the second floor of the same premises is occupied by the plaintiff, Elizabeth D'Angelo. The latter brought an action in this court permanently to enjoin said defendants from denying to her and her customers access to and from said premises; that they be ordered to remove certain obstructions so that she and her customers have access, and for certain other related relief. The plaintiff alleges in this action that the defendants, in the course of remodeling and modernizing the shoe store occupied by Horowitz, unlawfully and wrongfully changed the entrance to her beauty parlor on the floor above from a position fronting on the street to a position within the building line between two show windows. The defense to the action will be based on the claim that the alteration was lawful and proper and was permitted by paragraph 27 of plaintiff's lease. A motion for

temporary injunction was denied, and the corporate defendants have placed the case on the calendar for the January, 1948, Special Term.

Refusing to pay rent because of the foregoing alteration, the owner Hanruth Realty Corp. commenced on or about November 13, 1947, a summary dispossess proceeding in the Municipal Court against the plaintiff and Rosario D'Angelo, her father. The tenants interposed an answer which consisted of a general denial with an affirmative defense that there has been a partial eviction of the tenants by the acts of the defendant landlord in permitting the alteration as aforesaid, and by a notice, said tenants have indicated their intention to amend their answer upon the trial by setting forth an additional defense and counterclaim that the lease with them was in violation of the so-called Business Rent Law (L. 1945, ch. 314, as amd.) in that it did not comply with its terms, and that by reason thereof, they were entitled to the return of the sum of $1,500 heretofore paid by them as rent during the period of their occupancy, together with an approximate sum of $88, water charges paid as additional rent. No jury trial is now involved.

The landlord has now moved to remove the summary proceeding and to consolidate it with the equity action pending in this court, pursuant to the provisions of section 1426-a of the Civil Practice Act. There is no question in view of the express and unequivocal language of this section of the Civil Practice Act that this court has the power to grant the relief herein sought. (See *Levy* v. *VanDorn Hotel Corp.*, 60 N. Y. S. 2d 795.) Whether it should grant it, however, is a matter of discretion. Section 1426-a must be read in connection with sections 96, 96-a and 97 of the Civil Practice Act, which permit consolidation only whenever it can be done without prejudice to a substantial right.

It has been held that everything being equal, consolidation will not be withheld merely because some of the parties are different (*Kubran* v. *Acme Brick Corp.*, 268 App. Div. 1046), or because one action is in equity and the other at law (*Goldey* v. *Bierman*, 201 App. Div. 527; *Warren Foundry & Pipe Corp.* v. *Board of Water Comrs.*, etc., 146 Misc. 323, affd. 237 App. Div. 844). However, equity actions are not consolidated with law actions unless both arose from the same transaction or involve the same issues (*Meyer Bros., Inc.*, v. *Higgins*, 231 App. Div. 832).

Here the summary proceeding is largely unrelated to the plaintiff's action for an injunction, although the defense of partial eviction will depend largely upon a construction of their lease with the landlord, particularly paragraph 27. Upon the argument, D'Angelo's counsel indicated a willingness to withdraw this defense in the summary proceeding. This phase of the litigation may most readily be disposed of in the Supreme Court action, to *which Horowitz is a party.* However, the proposed defense and counterclaim for $1,588, for violation of the said Business Rent Law is wholly unrelated to the injunction action, and the trial thereof at the same time will be prejudicial to the defendant Horowitz, who has expended large sums of money in making the alteration with the landlord's permission. As to him, the trial of the summary proceeding in the Supreme Court action will merely encumber the record and confuse the issues he must meet. Moreover, the moving party, who is the landlord, largely controls the summary proceeding which it instituted.

Under all the circumstances, the motion for consolidation is denied.