Hammer, J.
This motion is for an order, pursuant to sections 96 and 97 of the Civil Practice Act, directing the removal to this court and the consolidation with this action of an action now pending in the City Court wherein the plaintiff is the defendant and the defendant is the plaintiff. The motion is granted. This is a proper case for consolidation as both actions are based upon the same written contract between the parties and involve identical facts and issues as to the performance or nonperformance of the terms of the contract. Upon consolidation a complete determination can be had in the one trial. The only limitation upon the power of the courts to consolidate actions is where such consolidation would prejudice a substantial right. (Lee v. Schmeltzer, 229 App. Div. 206.) The burden of showing prejudice rests upon the party opposing the motion. (Sherlock v. Manwaren, 208 App. Div. 538.) From the papers presented it does not appear that the defendant will be prejudiced, or suffer the loss of any substantial right. (Erlandsen v. Weise, 231 App. Div. 846.) The defendant poses the objection that in this court the trial will be had before a jury, whereas the trial in his action in the City Court would be without a jury and that thereby he would be prejudiced by the consolidation. This objection is inconsistent and untenable in view of the fact that the defendant himself demanded the jury in the Supreme Court action. Furthermore, there is no objection in law to the consolidation of a jury action with a nonjury action. (Meuer v. Horowitz, 20 N. Y. S. 2d 780; Levy v. Portugal, 217 App. Div. 776; Selikoff v. Horowitz, N. Y. L. J., Sept. 26, 1944, p. 639, col. 5.) The right to open and close, in the absence of exceptional circumstances, depends on priority of action. (Lee v. Schmeltzer, supra; Phil-Or Textile Shrinking Corp. v. Monarch Textile Shrinking Corp., 160 Misc. 610; Brink’s Express Co. v. Burns, 230 App. Div. 559; Rothman v. Universal Sportswear, *864 52 N. Y. S. 2d 876.) It appears that plaintiff herein instituted the action in this court prior to that of defendant and should be awarded the right to open and close.
Settle order accordingly which shall also contain provision for a consolidated title.