In the Matter of the Application of SYDNEY HOFFMAN for Admission to Practice as an Attorney. (From the State of Delaware.) — Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

In the Matter of the Application of FRANK R. LYON, JR., for Admission to Practice as an Attorney. (From the State of West Virginia.) Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

In the Matter of the Application of H. DON REYNOLDS for Admission to Practice as an Attorney. (From the State of Illinois.) Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

In the Matter of the Application of JOHN E. WALSH, JR., for Admission to Practice as an Attorney. (From the State of Pennsylvania.) — Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

In the Matter of FRANK X. SMITH et al., Respondents, against CHARLES P. SULLIVAN, Appellant, and JOHN T. SULLIVAN et al., Respondents.— Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.

## FOURTH DEPARTMENT, OCTOBER, 1951.

## (October 3, 1951.)

WATKINS BODY CORPORATION, Appellant-Respondent, v. ARDITI LIMITED et al., Respondents-Appellants. (Action No. 1.) MAX RABINOFF, Appellant-Respondent, v. WATKINS BODY CORPORATION, Respondent-Appellant. (Action

No. 2)—

Memorandum:
Although the Erie County action is not yet at issue it clearly appears from the papers presented on the motion that common questions of fact will be involved in both actions. Each party will undoubtedly swear the same witnesses in each action. Under such circumstances the fact that the Erie County action is not presently at issue is not a factor fatal to the motion for consolidation (*Gibbs* v. *Sokol*, 216 App. Div. 260, 262). Likewise the fact that neither I. Arditi or Arditi Limited is a party to the New York County action is not under circumstances present here a valid reason to refuse consolidation (*Chemello* v. *Endlich*, 236 N. Y. 653). Consolidation may be safely and properly ordered and the motion was improperly denied. Both actions here involve the same subject matter and are predicated upon contracts concededly made in New York County. All of the issues to be litigated involve transactions which occurred in New York County. We are also of the opinion that the convenience of material witnesses and the interests of justice will be promoted by fixing the place of trial of the consolidated action in New York County. The first issue of fact was raised by the pleadings in the New York County action. The plaintiff in the New York County action has already filed a note of issue and obtained a preference on the trial calendar. It was the plaintiff in the Erie County action who moved for a consolidation. While we do not regard any of these factors as controlling upon the question as to who should have the right to open and close upon the trial of the consolidated action, still when taken together and considered together with the entire record, we reach the conclusion that the plaintiff in the New York County action should be accorded the right to open and close at the trial of the consolidated action (see *Dexter Sulphite Pulp & Paper Co.* v. *Hearst*, 206 App. Div. 101; *Gibbs* v. *Sokol*, 216 App. Div. 260; *Brink's Express Co.* v. *Burns*, 230 App. Div. 559, 563; *Van Devort* v. *K. & H. Evaporating Co.*, 252 App. Div. 8; *Kappa Frocks* v. *Alan Fabrics Corp.*, 263 App. Div. 326). All concur. (Cross appeals from a resettled order denying motion of plaintiff Watkins Body Corporation in Action No. 1, for an order consolidating Action No. 2 with Action No. 1, and denying the cross motion of defendants Arditi Limited and others for a change of venue.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ. [See *post*, p. 713.]