Frank Del Vecchio, J.
This is a motion by Hungerford, the defendant in action No. 1 and plaintiff in action No. 2, to consolidate the actions and fix Onondaga County as the place of trial.
Buckley, as plaintiff in action No. 1, seeks to recover damages alleged to have been sustained by Hungerford’s failure to comply with specifications of a written agreement. The action was commenced in Nassau County on October 17, 1958 by the service of a summons without a complaint. The complaint was served on November 21 but issue had not been joined on the date of this motion.
In an action commenced in Onondaga County, Hungerford seeks to recover the amount due for services rendered in performance of the same agreement. Her complaint was verified on October 14 but attempted service on an officer of Buckley *301 Corporation was unsuccessful so the action was commenced or October 28 by service of the summons and verified complaint upon the Secretary of State and issue was joined on November 21.
Upon the argument of the motion the parties agreed with the court that these actions should be tried together without consolidation because a party cannot sue himself and be a plaintiff and defendant in the same action. (Vidal v. Sheffield Farms Co., 208 Misc. 438.) Their dispute relates only to the place of trial.
Hungerford asks that the trial be held in Onondaga County for the following reasons: performance of the contract over which the dispute arose was in this county; issue was first joined in her action begun here; material and necessary witnesses, other than parties, their employees or experts, reside in Onondaga County where a speedier trial can be had and the ends of justice promoted.
Buckley, on the other hand, asks that the trial be held in Nassau County for these reasons: jurisdiction was first invoked in that county; Buckley’s principal office is located in Nassau County where the records are kept; the officer who signed the contract and was in charge of the field work for Buckley resides there; other witnesses designated as manufacturers and trades people who live in the New York City area will be called to testify if Hungerford makes certain claims involving the performance of the contract.
Ordinarily the venue would be fixed in the county wherein jurisdiction was first invoked (Efco Prods. v. Long Island, Baking, 6 A D 2d 832), but this is not necessarily controlling.
The general rule is that transitory actions, all other things being equal, should be tried in the county in which the cause of action arose (Scusa v. Hoefler, 258 App. Div. 1036); that a rural county where calendars are not congested is to be preferred to an urban county where conditions are otherwise (Bernstein v. McKane, 3 A D 2d 764); that the witnesses whose convenience is required to be considered are those who are not parties, employees of parties or experts (Slavin v. Whispell, 5 A D 2d 296) and that their convenience is served by a speedy trial (Archer v. McIlravy, 86 App. Div. 512; Clarke v. Schumacher, 223 App. Div. 860).
Furthermore, to consider the convenience of witnesses the moving papers must be full and include, among other things, the substance of the testimony which the proposed witnesses will give at the trial, a demonstration of its materiality and an allegation that they will testify as stated. (Tripp, A Guide to *302 Motion Practice [Rev. ed.], § 23, p. 55 and cases there cited.) Hunger ford’s affidavits have met this requirement; Buckley’s have not.
After considering the motion papers in the light of the above rules, this court is of the opinion that the ends of justice would be promoted by fixing the place of trial in Onondaga County.
The parties have also asked this court to determine who should have the right to open and close.
The rule that the priority of actions governs the right to open and close is not a controlling factor to be followed in all cases (Van Devort v. K. & H. Evaporating Co., 252 App. Div. 8; Lee v. Schmeltzer, 229 App. Div. 206), particularly where the first action preceded the second by a short time and plaintiff in the first has avoided service in the second action. (Phil-or Textile Shrinking Corp. v. Monarch Textile Shrinking Corp., 160 Misc. 610.)
Buckley served a summons without a complaint while Hunger-ford was attempting to serve her summons and verified complaint which was served only six days later. Issue was first joined in the Hungerford action. The court feels that in these circumstances the right to open and close should be given to Hungerford. (Phil-or Textile Shrinking Corp. v. Monarch Textile Shrinking Corp., supra; Sullivan County Bldg. Mat. Co. v. Berkman, 283 App. Div. 910.)
Accordingly, the actions should be tried together without consolidation, the venue fixed in Onondaga County and Hungerford be given the right to open and close.
Submit order.