Walter R. Hart, J.
Plaintiff in this action to declare void certain checks and notes issued by her to defendant wherein she seeks further relief directing that defendant be compelled to return said instruments, moves for an order consolidating this action with one pending in the Municipal Court wherein defendant, as plaintiff, instituted suit on one of the checks in question. Since the Municipal Court lacks jurisdiction to afford affirmative relief to plaintiff and since common questions of law and fact are presented in both actions, the interests of justice will be served by a consolidation.
*611 It is no bar to the instant motion that defendant may be entitled to a jury trial in the action pending in the Municipal Court (Goldey v. Bierman, 201 App. Div. 527; Levy v. Portugal, 217 App. Div. 776; Warren Foundry & Pipe Corp. v. Board of Water Comrs., 146 Misc. 323, affd. 237 App. Div. 844; Shlansky & Bros. v. Grossman, 273 App. Div. 544). If defendant has not waived his right to a jury in the Municipal Court and insists on a jury trial of the issues there pending, the order to be entered herein may provide that that action be tried separately by a jury in this court prior to the trial of plaintiff’s equitable action and that the equity trial then proceed before the same Justice hearing the jury issue (Presto Plastic Prods. Co. v. Ball & Jewell, 281 App. Div. 742). In that event the issue as to who shall have the right to open and close at the trial is reserved for the trial court.
The circumstance that issue has not as yet been joined in the Supreme Court action does not prevent the granting of the instant motion since the nature of the issues is clear (Luks v. New York Life Ins. Co., 213 App. Div. 623; Lee v. Schmeltzer, 229 App. Div. 206).
Settle order on notice.