Michael Catalano, J.
The city moves under section 96 of the Civil Practice Act to consolidate Action No. 2 with Action No. 1.
The moving affidavits show that during the years 1958 and 1959 the city agreed to furnish Rocell (referring to Rocell Construction Co., Inc., herein) with certain work, labor and services in performing the latter’s contract with the State of New York’s Department of Public Works for the construction of an arterial highway project on Central Avenue in said city, known as Route 219; that Actions No. 1 and No. 2 are the same; that the parties, witnesses and attorneys are the same; that the claims of each party against the other are the same; that the Superintendent, and six named employees, of the Department of Water and Light of the city, all residents of Salamanca, New York, will be witnesses; that several employees of the State Department of Public Works, all residing in Salamanca, New York, will be witnesses; that Rocell owes the city $510.01 which had been demanded over many months; that the claim of $42,424.93 of Rocell against the city is ill-founded; that a consolidation would result in a trial of the issues at the September 1960 Trial Term of the Supreme Court at Little Valley, New York, County of Cattaraugus; that Action No. 1 was commenced by the service of a summons on Rocell on January 6,1960; that the city’s cause of action in Action No. 1 is the same as its counterclaim in Action No. 2; that Rocell’s counterclaim in Action No. 1 is the same as its cause of action in Action No. 2; that the city served its complaint in Action No. 1 on March 2, 1960, Rocell served its answer March 22, 1960, the city served its reply May 12, 1960; that Rocell served its summons in Action No. 2 on January 29, 1960, or three weeks after Action No. 1 was commenced, Rocell served its complaint March 20, 1960, the city served its answer May 11, 1960, Rocell served its reply May 19, 1960.
The answering affidavits state that on January 5, 1960, Rocell “ forwarded ” three copies of the summons in Action No. 2 to the Sheriff of Cattaraugus County for service on the city, *549 but they were not served till January 27, 1960; that consolidation would result in loss to Bocell of the substantial right to open and close at the trial.
Section 96 of the Civil Practice Act, entitled “ Consolidation and severance of actions and special proceedings ’ ’, provides, in part: ‘ ‘ An action may be severed and actions may be consolidated whenever it can be done without prejudice to a substantial right.”
Upon a motion brought under section 96 of the Civil Practice Act the court will consider: (1) in which action the summons was first served (Lee v. Schmeltzer, 229 App. Div. 206, 207); (2) in which action the first issue of fact was raised by the pleadings (Watkins Body Corp. v. Arditi Ltd., 279 App. Div. 619, 620); (3) in which county a summons was first served (Hobbs v. San Filippo, 281 App. Div. 929); (4) in which action the complaint was first served (Sullivan County Bldg. Material Co. v. Berkman, 283 App. Div. 910); (5) the convenience of material witnesses, the place of origin of the causes of action, the condition of the calendars, the character of the parties (Gibbs v. Sokol, 216 App. Div. 260, 263); (6) the right to ope* and close, which, although a substantial right, is usually waived by the moving party (ibid.); (7) which cause of action is ready for trial (Van Devort v. K. & H.. Evaporating Co., 252 App. Div. 8, 9); (8) is the cause of action in the complaint of one party similar to the counterclaim in the answer of the same party in the actions to be consolidated (Brink’s Express Co. v. Burns, 230 App. Div. 559, 563; Lee v. Schmeltzer, supra); (9) if not consolidated, would the action first tried be res judicata as to the other (Lee v. Schmeltzer, supra); (10) a rural county with an uncongested calendar is preferred to an urban county where the calendar is crowded (Efco Prods. v. Long Is. Baking, 6 A D 2d 832, 833); (11) has respondent met its burden to show prejudice to a substantial right that has already vested (Heimov v. 15 Pleasantville Road Corp., 1 App. Div. 967, 968; (12) is the action against a village, its officers or boards, located in the county where the village is situated (Rubenstein v. Silbert, 279 App. Div. 878; see, also, Village Law, § 341-e); (13) how should the court’s sound judicial discretion be exercised (Crescent Puritan Laundry Co. v. McNamara, 254 App. Div. 646).
Here, a further consideration is presented by the respondent Bocell which ‘ ‘ forwarded ’ ’ to the Sheriff of Cattaragus County three summonses for service upon “ the City of Salamanca, Water and Light Commission.’’ No pleadings or affidavits have been submitted to this court to define who 1 ‘ the City of Salamanca, Water and Light Commission,” might be, except that *550 one affidavit of Rocell states: “the parties to the action are the same parties,” referring to both actions herein. “Where a summons is delivered for service to the sheriff of the county wherein the defendant is found, the sheriff must serve it, and return it, with proof of service, to the plaintiff’s attorney, with reasonable diligence.” (Civ. Prac. Act, § 220; emphasis supplied.) (See, also, Civ. Prac. Act, § 17; Cohoes Bronze Co. v. Georgia Home Ins. Co., 243 App. Div. 224, 226; Ferraro v. New York Univ. Bellevue Med. Center, 13 Misc 2d 131, 133-134.)
Here, although the summonses in Action No. 2 were 11 forwarded11 to the Sheriff of Cattaragus County by Rocell from Rochester, New York, it may be inferred that they were “ delivered ” on the next day, January 6, 1960, the same day upon which Rocell was actually served with a summons in Action No. 1.
Applying the several tests above mentioned to the available facts upon this motion, the ends of justice would be best served by granting consolidation.
Therefore, motion is granted, consolidating both actions, for trial in the Supreme Court, Cattaragus County, at the September 1960 Term of court, and granting the city the right to open and close, without costs.