In the Matter of the Estate of WILLIAM J. McKAY, Deceased. RUTH G. McKAY, Respondent; PHILIP DAVIS, Appellant.— In a proceeding under section 231-a of the Surrogate's Court Act, instituted by a residuary legatee against her former attorney, for the fixation of his fee for services rendered to her, the attorney appeals from an order of the Surrogate's Court, Westchester County, dated November 8, 1961, which denied his motion: (a) for separate trial of the two issues in the proceeding, and (b) for a direction that upon the trial he would have the right to open and close to the jury. Order modified by striking out so much of its decretal paragraph as denies appellant's motion for a direction that upon the trial the right to open and close to the jury be with his attorney; and by substituting therefor a provision granting the motion in that respect. As so modified, order affirmed, without costs. The issues presented by the pleadings were (1) whether the parties had entered into an express contract as to the amount of the attorney's fee; and (2) if not, what was the reasonable value of the services rendered. The denial of the motion for a separate trial of the issues did not constitute an improvident exercise of the discretion vested in the court by section 443 of the Civil Practice Act. We

are of the opinion, however, that appellant has the affirmative of the issues presented by the pleadings. Therefore, he has the right to open and close to the jury (cf. *Lake Ontario Nat. Bank* v. *Judson,* 122 N. Y. 278; *Heilbronn* v. *Herzog,* 165 N. Y. 98; *Kappa Frocks,* v. *Alan Fabrics Corp.,* 263 App. Div. 326). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.