MURIEL MEYERS, Individually and on Behalf of All Other Stockholders of CURTISS-WRIGHT CORPORATION, Similarly Situate, Appellant, v. J. CHEEVER COWDIN, " JAMES " A. B. SMITH, JAMES ALLARD, " EDWARD " S. KRAMER, and CURTISS-WRIGHT CORPORATION, Respondents, and Others, Defendants.— This is a stockholder's derivative suit in which the complaint alleges three causes of action: (1) for waste of the assets of the Curtiss-Wright Corporation by reason of the misconduct of the officers and directors in permitting the corporation to sell certain of its products in violation of law; (2) for an accounting of the unlawful profits made by certain of the individual defendants, who caused excessive sums to be paid to them for their minority interests in subsidiary corporations; and (3) for an accounting and return to the corporation of excessive compensation which the directors and officers caused to be paid to themselves. Before answering, certain of the defendants moved for an order to sever and stay the first and

second causes of action or, in the alternative, to consolidate them with another stockholder's suit entitled " Frances R. Gilbert, et al., etc., v. Curtiss-Wright Corporation, et al.," pending in the Supreme Court of New York County, the latter suit being a consolidation of several similar suits. On March 25, 1941, the Special Term made an order denying consolidation but granting the severance and the stay. On May 26, 1941, the Special Term made an order granting a motion for reargument and on such reargument adhering to its original decision. Plaintiff appeals from the order on reargument in so far as it affirms the first order. The order on reargument, in so far as appealed from, is modified on the law and the facts: (1) by striking therefrom the provision adhering to the decision granting the respondents' motion for a severance and stay; (2) by vacating the first order of March 25, 1941; and by providing (3) that the motion for the severance of the first and second causes of action and the stay of the prosecution thereof be denied; (4) that the motion for the consolidation of the first and second causes of action with the Gilbert suit now pending in the Supreme Court, New York County, be granted; (5) that under that part of the motion which asks " for such other and further relief as to the court may seem just and proper," and on its own motion, the court directs that the third cause of action shall be consolidated with the Gilbert suit; (6) that such consolidation shall be subject to substantially the same terms and conditions specified in the second to the twelfth ordering paragraphs, inclusive, of the order of Mr. Justice Hammer dated June 26, 1940, made in the Gilbert suit; and (7) that in lieu of the service of a new consolidated and amended complaint in the Gilbert suit the parties may stipulate that the three causes of action alleged in the present complaint shall be deemed to be incorporated as additional causes of action in the complaint in the Gilbert suit and that the material allegations of such additional causes of action are deemed to be denied by the answering defendants. As all the causes of action grow out of the alleged misconduct and dereliction of the officers and directors of the cerporation, it would be in the interests of justice to have them tried together and would not prejudice a substantial right of any party. (Civ. Prac. Act, § 96.) As thus modified, the order on reargument, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to appellant. Lazansky, P. J., Hagarty Johnston, Taylor and Close, JJ., concur. Settle order on notice.