EDITH WEIS, Suing on Her Own Behalf and on Behalf of All Other Stockholders of THE BROOKLYN UNION GAS COMPANY, Similarly Situated, etc., Respondent, and FLORA HAAS, Plaintiff-Intervener, Respondent, v. WILLIAM ROBERTSON COE et al., Defendants, and WILLIAM ROGERS COE et al., Defendants-Respondents and Appellants.

SAMUEL EDELHEIT, Respondent, v. WILLIAM ROBERTSON COE et al., Defendants, and WILLIAM ROGERS COE et al., Defendants-Respondents and Appellants.

ALBERT MARMORSTEIN, Appellant, v. WILLIAM ROBERTSON COE et al., Defendants, and WILLIAM ROGERS COE et al., Defendants-Respondents and Appellants.

First Department, February 11, 1943.

*Jacob Lippman* of counsel (*Bernard Buchwald* with him on the brief), for plaintiff-appellant Albert Marmorstein.

*Milton Pollack* of counsel (*Milton Paulson* with him on the brief; *Unger & Pollack,* attorneys), for plaintiffs-respondents Edith Weis, Flora Haas and Samuel Edelheit.

*Frank W. Chambers* of counsel (*Chambers, Clare & Morris,* attorneys for Koppers Company; *Larkin, Rathbone & Perry,* attorneys for William Rogers Coe, William deKrafft, Robert L. Pierrepont, Clifford E. Paige, Percival J. McIntosh, Albert B. Maginnes and Central Hanover Bank and Trust Company, as Executors of Adrian H. Larkin, deceased), for defendants, respondents-appellants.

*Wrenn & Schmid,* attorneys for William J. Wason, Jr., defendant, respondent-appellant.

GLENNON, J. This is a consolidated derivative stockholders' action. The first action was instituted in New York County by the plaintiff Edith Weis who was a stockholder of the Brooklyn Union Gas Company. In April, 1941, Flora Haas, also a stockholder of the same company, made a motion for leave to intervene as a party plaintiff in the Weis action. The motion was granted. The order entered thereon provided that Milton Paulson act as general counsel. On December 18, 1941, plaintiff Edelheit, another stockholder, instituted his action against the defendants. By an order dated February 27, 1942, the Weis and Haas actions were consolidated with the Edelheit action. This order designated the firm of Unger & Pollack as general counsel for the plaintiffs in the consolidated action.

Later, on August 20, 1942, the plaintiff Albert Marmorstein instituted an action against the same defendants in Kings county. For all intents and purposes the action is similar to all the other actions.

In October, 1942, certain of the defendants in the consolidated action pending in New York county made a motion at Special Term, New York county, for an order consolidating the Marmorstein action with the actions then pending. Plaintiffs made a cross-motion for a stay of the Kings county action until the final determination of the New York county actions. The court denied the motion for further consolidation and granted the plaintiffs' motion for a stay of the Kings county action.

We are inclined to the view that all these actions should have been consolidated. In the main the issues are the same. It appears from the record that certain of the defendants had been examined before trial at great length and, furthermore, the consolidated action was about ready to proceed to trial. We see no reason for harassing the defendants by means of additional examinations before trial each time some new set of attorneys decides to institute another action.

In view of the foregoing, there is no reason for replacing the counsel who represent the various plaintiffs in the consolidated action by new general counsel. The order to be entered herein should so provide.

Under the circumstances, the order in so far as it denies the application by the defendants for a further consolidation of the Marmorstein action should be reversed and, consequently, the stay of the trial of the Kings county action will not be necessary since all these actions may be disposed of together.

For the reasons assigned the order appealed from, entered November 24, 1942, should be modified by granting the motion of the defendants for further consolidation, and denying a stay of the Kings county action, and as so modified affirmed, with twenty dollars costs and disbursements to the appealing defendants appearing by separate counsel herein. The order, entered December 2, 1942, denying resettlement should be affirmed.

MARTIN, P. J., COHN and CALLAHAN, JJ., concur; TOWNLEY, J., taking no part.

Order entered November 24, 1942, unanimously modified as indicated in opinion, and as so modified affirmed, with twenty dollars costs and disbursements to the appealing defendants appearing by separate counsel herein. Order entered December 2, 1942, denying resettlement unanimously affirmed. Settle order on notice.