John E. Cone, J.
Defendants move for an order directing the following: the removal to Kings County of an action (hereinafter also referred to as action No. 2) instituted in Supreme Court, New York County, against said defendants by one Arthur Witmondt; consolidation of the New York County action with a pending action (hereinafter also referred to as action No. 1) in Supreme Court, Kings County, brought by one Louis Bichman against the said defendants; the service of a consolidated complaint; a stay of all proceedings in the consolidated action; restraining the commencement and prosecution of any other action based upon the transactions complained of in the respective complaints served in actions Nos. 1 and 2.
As hereinabove noted, the same defendants are named in each of the aforesaid actions, which are derivative stockholders’ suits. A reading of the complaint in each of the said actions confirms the contention of defendants that the causes alleged in the respective complaints are substantially identical, involving the same transactions and essentially the same issues. In such circumstances, consolidation of the actions would clearly be warranted if it did not operate to prejudice the substantial *47 rights of a litigant. (Meyers v. Cowdin, 263 App. Div. 730; Block v. Otis, 260 App. Div. 1047; Weis v. Coe, 265 App. Div. 471.) If a substantial right of plaintiff Witmondt, plaintiff in action No. 2, would be prejudiced by a consolidation of his action with the action pending in this county, consolidation must be denied. (Civ. Prac. Act, § 96; Lichtenstein v. Lapadula & Villani Trucking Corp., 283 App. Div. 721; Edgewater Mach. Co. v. Weiss, 1 Misc 2d 862.)
Plaintiff Witmondt contends, by way of opposition to the motion of defendants to consolidate the actions, that such consolidation would operate to make applicable to his action a stay of proceedings provided for in the order of this court, entered January 6,1959, relating to the action pending in Kings County.
It appears that the aforesaid stay came about as follows:
An order was obtained on May 19, 1958, in action No. 1, the action pending in Kings County, requiring plaintiff therein to post security for costs in the event that said plaintiff could not join sufficient stockholders of J. W. Mays, Inc. to meet the requirements of section 61-b of the General Corporation Law; on January 6,1959, an order was entered in said action vacating the prior order concerning security for costs, on the ground that plaintiff, Bachman, had joined sufficient stockholders as parties plaintiff to meet the requirements of section 61-b; said order of January 6, 1959, provided, in part, for a stay of proceedings in that action until the determination of an appeal from such orders; the defendants have noticed an appeal from the said order of January 6,1959.
It thus appears that by virtue of the stay contained in the order of January 6, 1959, affecting the action brought in this county, there may result, in the event of a consolidation of the two actions, an indeterminate delay of trial of plaintiff Witmondt’s causes of action. In addition, plaintiff Witmondt, without being afforded an apportunity to be heard upon the question, runs the risk, if consolidation were to be ordered, of being adversely affected in the event it be determined upon the appeal from the order of January 6,1959, that security for costs must be furnished, pursuant to section 61-b of the General Corporation Law.
The Appellate Division in this department has repeatedly held that the deprivation, through consolidation, of a right which a plaintiff would otherwise have to a speedy trial, prejudicially affects a substantial right of such party. (Friedman v. Kleinman, 275 App. Div. 715; Lichtenstein v. Lapadula & Villani Trucking Corp., supra; Miro v. Gottheim, 285 App. Div. 834.) Similarly, it would, in my view, constitute prejudice to a sub *48 stantial right of plaintiff Witmondt, to subject him, through consolidation of the actions, to the possibility that he will incur, as a result of the stay operating in action No. 1, an indeterminate delay in the trial of his causes of action. (See Miller v. Lewis, 77 N. Y. S. 2d 285.)
Moreover, a subsidiary factor to be considered, as has been hereinabove observed, is that plaintiff Witmondt may be prejudicially affected by consolidation in the event that it be determined, on the appeal from the order entered January 6, 1959, in action No. 1, that security for costs must be furnished.
In view of all of the foregoing, defendants ’ motion is denied without prejudice to a renewal thereof upon an ultimate determination of the appeal taken from the order of January 6, 1959, entered in the action pending in Kings County, or upon a vacatur of the stay contained in said order.
Settle order on notice.