WILLIAM LUTUS, Appellant, v. JACOB J. LABOR, Respondent.

First Department, December 23, 1927.

Removal of causes — consolidation — action by plaintiff in Supreme
   Court arising out of fraud in sale of goods — action by defendant sub-
   sequently commenced in City Court of City of New York to recover pur-
   chase price of part of goods is removed to Supreme Court and con-
   solidated under Civil Practice Act, §§ 96, 97.

An action commenced by the defendant in the City Court of the City of New York
   to recover the purchase price of a part of goods sold to the plaintiff which was
   commenced after this action which was instituted in the Supreme Court to
   recover damages arising out of alleged fraud and misrepresentation in the sale
   of the goods, is removed to the Supreme Court and consolidated with this action
   under sections 96 and 97 of the Civil Practice Act.

APPEAL by the plaintiff from an order of the Supreme Court,
entered in the office of the clerk of the county of New York on the
27th day of September, 1927.

*David Bernstein*, for the appellant.

*Robert Siegel*, for the respondent.

MARTIN, J. On July 25, 1925, plaintiff instituted an action in
the Supreme Court, by the service of a summons and complaint,
in which he seeks to recover $13,000 damages for fraud and
misrepresentation.

About a month later, after issue had been joined herein, the
defendant brought an action in the City Court to recover the
sum of $1,824.90 for goods sold and delivered.

The fraud alleged in the Supreme Court action arose in part
out of the transactions set forth by the defendant in his pleading
in the City Court. The plaintiff herein alleges misrepresentation
in the sale of the goods upon which the plaintiff in the City Court
action seeks to recover. The two actions cover the same subject-
matter.

After the commencement of the second action, an application was
made to remove the City Court action to the Supreme Court and
for a consolidation pursuant to sections 96 and 97 of the Civil
Practice Act. This motion was denied.

Thereafter a motion was made in the City Court to stay the
City Court action and the judge of the City Court granted the
stay pending the appeal, clearly indicating that in his opinion the
cases involved the same subject-matter and that there should be
a consolidation.

It appears from the record on appeal that the parties were

doing business together for a long time; and that the plaintiff in the Supreme Court action contends he was being defrauded. It is asserted that the fraudulent practice continued during a considerable period. The plaintiff in that action alleges, in the " seventh " paragraph of his complaint, " That relying on and believing in the representations of said defendant that the net cost or purchase price of said goods purchased as aforesaid by defendant as broker for the plaintiff was the said sum of $75,000.00, the said plaintiff paid defendant at divers times on and between the 1st day of June, 1925, and the 22nd day of July, 1927, both dates inclusive, the said sum of $75,000.00 therefor." The plaintiff then proceeds to set forth that, because of the fraud alleged to have been so practiced, he paid much more than he should have paid, to the extent of $13,000, which sum he now seeks to recover.

The defendant in the Supreme Court action served an answer which amounts to a general denial and then commenced the action in the City Court to recover for goods sold and delivered. It must be borne in mind that the plaintiff's action was first commenced and plaintiff had a right to select his forum; that the defendant could have set up, in his answer in that action, his counterclaim for goods sold and delivered, but failed to do so. Evidently he believes he may obtain an advantage by separately prosecuting his claim for goods sold and delivered. He contends that he will be very much prejudiced unless he is allowed to proceed with his action. The plaintiff herein meets this allegation by offering to give a bond to cover any judgment to which the defendant may be entitled, providing these actions are consolidated.

There appears to be no reason why there should not be a consolidation. At the trial of the Supreme Court action all the issues may be litigated.

In *Goldey* v. *Bierman* (201 App. Div. 527) this court said: " In the cases now before us the first step was taken by the plaintiff in the present action, the summons in which was dated November 25, 1921, and service was made upon the defendant personally on November 26, 1921. The defendant herein took the first step in his Municipal Court action on the day of service of the summons in the present suit upon him, November 26, 1921, and the summons was served November 29, 1921. Therefore, the priority of action is with the plaintiff."

The court also said: " Section 97 of the same act provides that where one of the actions is pending in the Supreme Court and another is pending in another court the Supreme Court may by order remove to itself the action in the other court and consolidate it with that in the Supreme Court. * * * The new Civil

Practice Act contains no such limitation and empowers the court to remove and consolidate actions whenever it can be done without prejudice to a substantial right.  *  * ' *

" The two causes of action arose out of the same relationship existing between the parties in the conduct of the New York Urologic Institute, which the plaintiff claims was conducted by the copartnership, the dissolution of which he seeks as well as an accounting and sale of its assets.  *  *  *  The two causes of action are so intimately connected, referring to practically the same subject-matter, that the disposition of one will necessarily involve that of the other.  A proper case was presented for the exercise of the discretion of the court in granting the motion herein, and the order appealed from should, therefore, be affirmed,  *  *  *."

We are of the opinion that the purpose of the statutes was to meet a condition such as is here presented.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, upon the filing of the bond which the appellant stipulated to file.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon plaintiff's filing a surety company bond for the amount of the claim involved in the City Court action.