FRANK J. NUSSBAUM et al., Copartners Doing Business under the Name of F. J. NUSSBAUM & Co., Respondents, *v.* SAMUEL SOBEL, Doing Business under the Name of PLASTIQUE COMPANY, Appellant.

SAM SOBEL, Doing Business under the Name of PLASTIQUE COMPANY, Appellant, *v.* FRANK J. NUSSBAUM et al., Copartners Doing Business under the Name of F. J. NUSSBAUM & Co., Respondents.

First Department, April 6, 1945.

*Louis Stone* of counsel (*Stone & Perlman,* attorneys), for appellant.

*Pincus Berner* of counsel (*Jacob N. Robins* with him on the brief; *Ernst, Cane & Berner,* attorneys), for respondents.

*Per Curiam.* On October 4, 1944, Sam Sobel commenced an action against Frank J. Nussbaum and another, as copartners, for $11,415.48 damages for breach of a covenant granting plaintiff the exclusive right to purchase certain merchandise and for further damages for various alleged breaches of warranty in connection with the sale of goods.

Thereafter, and on October 5, 1944, said Frank J. Nussbaum and his partner commenced suit against Sobel for $3,207.11 for goods sold and delivered.

In the latter action Sobel admitted his liability for the goods sold, except that he claimed an offset for $106.47. He pleaded by way of counterclaim in the second suit the causes of action for $11,415.48 he had relied on in the action brought by him.

Nussbaum and his partner then moved for summary judgment in their action for goods sold and delivered, and Sobel cross moved for leave to consolidate both actions, or, in the alternative, for leave to discontinue his own suit.

Special Term granted the Nussbaum motion for summary judgment for the amount sued for, less the offset (severing the action as to the latter), and denied Sobel's cross motion, holding that the causes of action asserted in the counterclaims were not related to Nussbaum's cause of action and, further, that they were the subject of a prior action.

We deem that this disposition presents error. By it Nussbaum and his copartner will obtain an immediate judgment despite the fact that there are counterclaims against them for sums exceeding their own claims which counterclaims are supported by brief but sufficient statements of the facts on which they are based.

Summary judgment should not be awarded under such circumstances.

To strike out the counterclaims on the ground that there was another action pending for the same relief and at the same time to deny consolidation of the two actions or the alternative relief of discontinuing the first action, was to award an unfair advantage to the defendants in the first suit when they might have counterclaimed therein and thus have avoided the pendency of two actions. There appears to be no sufficient reason why there should not be a consolidation under the circumstances. (*Lutus* v. *Labor*, 222 App. Div. 132.)

Although the Sobel suit was commenced first, Sobel consented to have his claims asserted as counterclaims to the action for goods sold and delivered. That relief should have been granted. That Sobel's claims for breach of covenant and breach of warranty relate to sales different from those on which the action for goods sold and delivered is based does not affect the right to assert them by way of counterclaim. (Civ. Prac. Act, § 266.)

The orders and the judgment appealed from should be reversed, with costs, the motion for summary judgment denied, and the cross motion to consolidate granted.

UNTERMYER, DORE, COHN and CALLAHAN, JJ., concur; MARTIN, P. J., dissents.

In the first action: Judgment and order reversed, with costs, and the motion denied.

In the second action: Order denying plaintiff's cross motion for consolidation reversed, with disbursements to the appellant, and the said motion granted. Settle order on notice. [See *post,* p. 767.]