EDWARD A. MOLLER et al., Respondents, v. CANDLEWOOD CONSTRUCTION CORP., Appellant.— In an action by the purchasers of a newly constructed house against the builder to recover damages for breach of contract, the defendant appeals from an order of the County Court, Westchester County, dated October 19, 1960, which granted plaintiffs' motion for summary judgment and directed an assessment of damages, pursuant to rule 113 of the Rules of Civil Practice. At the title closing, defendant agreed, in writing, to complete certain unfinished work, to correct any "water condition" in the basement, and to guarantee a dry basement for one year thereafter. This action is based upon the allegation that the basement "continues to become flooded". Defendant denies that there is any "water condition" in the basement. Defendant contends that, if there is any such condition, it was created by plaintiffs themselves because they changed the contour and grade of the land causing water to flow towards, rather than away from, the house, in violation of provisions in the contract of sale which obligated plaintiffs to adequately maintain necessary embankments and not to disturb any berms, swales, or controlled ponding. Order reversed, with $10 costs and disbursements, and plaintiffs' motion for summary judgment denied. Defendant's denial that there is wetness in plaintiffs' basement is sufficient to raise a triable issue. Defendant need not present facts in support of this denial, since the basement is under the exclusive control of the

plaintiffs and since the basement has not been inspected by defendant for about a year (*De France* v. *Oestrike*, 8 A D 2d 735). In addition, plaintiffs have not denied defendant's claim that they have failed to maintain the grade of the land, in breach of provisions of the contract of sale. Such provisions, since they do not relate to title and are to be performed subsequent to title closing, survived the delivery of the deed (1 Warren's Weed, New York Real Property [4th ed.], p. 701, §§ 26.01, 26.02). Defendant's claim of breach of contract, by plaintiffs, may be advanced to defeat a motion for summary judgment, although not affirmatively pleaded in the answer (*Curry* v. *MacKenzie*, 239 N. Y. 267); and defendant's claim is sufficient to defeat summary judgment for plaintiffs if it equals or exceeds the plaintiffs' claim (*Nussbaum* v. *Sobel*, 269 App. Div. 105). Ughetta, Kleinfeld, Christ and Brennan, JJ., concur; Nolan, P. J., concurs in result.