Francis X. Conlon, J.
This is a motion by the individual defendant, a physician, for dismissal of the second cause of action upon the ground that it is time harred.
The moving defendant is sued in malpractice. Plaintiff was admitted to the defendant hospital on December 27, 1955. The crux of the claim is that the defendant failed to order and direct the installation of bed rails, knowing in the reasonable exercise of discretion that plaintiff’s condition required it. The failure caused the plaintiff to fall from bed December 27, 1955, to fall while unattended on December 31, 1955, and to fall again while unattended on January 2, 1956. It is also alleged that the defendant knew that the plaintiff required that he be attended at all times.
The summons in this action was served upon the moving defendant on January 16, 1958. It is his contention that by reason of the allegation in paragraph 20 of the complaint that *133 plaintiff on the last occasion sustained a fall on January 2,1956, which is the last date mentioned in the complaint; the two years for action expired on January 2, 1958, which is 14 days before commencement of suit. Upon this contention, however, the plaintiff is entitled to the presumption under paragraphs 22 and 23 of the complaint that the defendant’s treatment of the plaintiff continued and during such continued period defendant neglected accurately and correctly to diagnose the complications arising from the falls, the plaintiff’s conditions and ailments, and improperly treated them. In addition, the defendant failed, refused and neglected to see, visit, treat and care for the plaintiff and abandoned him. Therefore, for ought that appears from the pleading and the opposing affidavit based as it is upon the allegation of paragraph 20 of the compláint, the question whether the statute has run barring the action may not be decided on this motion.
Another question remains. In his answering affidavit plaintiff furnishes the information that he was discharged from the defendant hospital on January 10, 1956, - under circumstances implying the cessation of defendant’s relationship with the plaintiff. From this and the claimed fact that the summons was served on December 10, 1957, plaintiff argues that the action has been timely brought. The claim of service on December 10,1957, rests upon these facts. On that day a summons was filed in the office of the Sheriff of the County of New York and a fee for service was paid thereon. This filing was made by reason of the fact that the defendant, it is said, held himself out as a resident of New York County, where he maintains an office for the practice of his profession, is listed in the Manhattan telephone directory at 642 Park Avenue, and the doctor is listed in the County of New York in the medical directory of the State of New York. After filing the summons with the Sheriff, the deputy discovered a plaque on the building at 642 Park Avenue bearing the name of the defendant but was unsuccessful in making service for the reason that he was advised that the defendant maintains another office in Westchester County. Accordingly, there was received in the office of the Sheriff of Westchester County on January 8, 1958, a summons, together with a fee therefor, for service upon the defendant. The defendant was served in Westchester County on January 16,1958 as the defendant says; on January 17,1958 as the plaintiff says.
According to plaintiff’s own statement, the time for the running of the statute must be deemed to be January 10, 1956, the latest. Accordingly, whether the filing of the summons with the Sheriff of New York County on December 10,1957, or the Sheriff *134 of Westchester County on January 7, 1958, is considered the time of the commencement of the action, it was timely brought. The fact that the defendant was actually served on January 17, 1958 by the deputy sheriff of Westchester County is of no moment since the time begins to run from the delivery of the summons to the Sheriff for service and the service was thereafter timely effected (see Civ. Prac. Act, §§ 220,17).
The motion is denied.