■ MARGARET BABCOCK, Respondent, v. HUGO LOWY, Appellant. (Action No. 1.) HUGO LOWY et al., Appellants, v. MARGARET A. BABCOCK, an Infant, et al., Respondents. (Action No. 2.) — Appeal from an order of the Supreme Court, Orange County, consolidating Action No. 2, pending in the Supreme Court, New York County, with Action No. 1, pending in the Supreme Court, Orange County, with the right to plaintiffs in Action No. 2 to open and close. In opposition to the motion appellants contended that the consolidation, if granted, should be had in New York County. The actions arose out of a collision between two motor vehicles. Action No. 1 was brought to recover damages for injuries to property and Action No. 2 was brought to recover

damages for personal injuries and for loss of services. Order modified by striking from the first ordering paragraph everything following the word "granted" and by substituting therefor a provision that the consolidated action be transferred to New York County. As so modified, order affirmed, with $10 costs and disbursements to appellants. In our opinion, it was an improvident exercise of discretion to direct trial of the consolidated action in Orange County, since Action No. 2 was prior in issuance and service of the complaint and in joinder of issue (*Coffman* v. *Miller,* 5 A D 2d 869; *Quality Fruit Wines Corp.* v. *Singer,* 267 App. Div. 834; *Bril* v. *Storm,* 275 App. Div. 954; *Stuts* v. *O'Brien,* 277 App. Div. 1123; *Kappa Frocks* v. *Alan Fabrics Corp.,* 263 App. Div. 326). Moreover, the trial should be had in New York County because of the convenience of witnesses (cf. *Scott* v. *Van Patten,* 278 App. Div. 1038). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur. Settle order on notice.