Loins L. FriedmaN, J.
Motion by defendants Lipstein and Millstein to consolidate an action for brokerage commissions pending in the City Court, New York County, with an action for rescission commenced in this court. It is apparent from pleadings before the court that both actions emanate from the same circumstances, and that the issues in these actions are substantially the same. Under such circumstances consolidation should be ordered if it can be done without prejudice to substantial right (Civ. Prac. Act, § 96). The only opposition to the motion is put forth by the plaintiffs in the City Court action, who urge on two grounds that they would be prejudiced by such consolidation. They claim, first, that in the City Court the trial of their action is imminent. Second, that they would lose their right to a jury trial if their jury law case is consolidated with an equity action in which no jury is available to the litigants. This latter ground is untenable (Presto Plastic Prods. Co. v. Ball & Jewell, 281 App. Div. 742). The first stated ground likewise affords no basis for the denial of the motion. While it has been held that a right to an imminent trial is a substantial right (Casanave v. Robbins, 262 App. Div. 873) and the courts have denied consolidation where a right to a speedy trial would be lost (Halpern v. Rodwag, 3 A D 2d 941), a reading of these cases indicates that consolidation therein would cause an undue, prolonged delay in the trial of the action and thus result in prejudice to the litigants who otherwise would obtain an early trial. Such is not the situation here presented. The equity part of this court is up-to-date and an action can be reached for trial during the term for which it is noticed for trial. Uhder these circumstances, the delay in trial involved in a consolidation of the instant action would be minimal and therefore nonprejudicial to the plaintiff in the City Court action. The motion is *396 accordingly granted on condition that movants place the Supreme Court action on the Equity Calendar for the May 1959 Term. All parties concerned are directed to proceed diligently with all desired preliminary proceedings allowed by statute and rules applicable to these actions so that movants may comply with the statement of readiness rule in sufficient time to place the action on the Equity Calendar for the above-stated term. The consolidated action will be tried before a jury. The factual issues, if any, in the City Court action will be determined by the jury, while the Trial Justice will dispose of all issues in the equity action (Presto Plastic Prods. Co. v. Ball & Jewell, supra).
Settle order on notice.