■ VENTURES INTERNATIONAL, Respondent, v TOR A. UPPSTROM, Defendant and Third-Party Plaintiff-Respondent. BERNARD E. HODES, Third-Party Defendant-Respondent. (Action No. 1.) GALLERI BELLMAN, INC., et al., Respondents, v GALLERI BELLMAN, INC., Nominal Defendant, and CONTINENTAL CASUALTY COMPANY, Defendant and Third-Party Plaintiff-Appellant. TOR A. UPPSTROM, Third-Party Defendant-Respondent. (Action No. 2.)—Order, Supreme Court, New York County (William J. Davis, J.), entered July 13, 1989, which denied the motion of defendant and third-party plaintiff Continental Casualty Company for an order pursuant to CPLR 602 (a) directing a joint trial of the above-captioned actions, is unanimously affirmed, without costs.

A motion to try the actions jointly is one directed to the sound discretion of the trial court. *(Inspiration Enters. v Inland Credit Corp.,* 54 AD2d 839, 840, *appeal dismissed* 40 NY2d 1014.)* While this court may substitute its discretion for that of the trial court and grant consolidation in the interest of justice and judicial economy *(Heck v Waldbaum's Supermarkets,* 134 AD2d 568, 569), the present case does not warrant such relief. While both actions arose out of Uppstrom's transportation of certain works of art belonging to Galleri Bellman, Inc. to Europe, the actions present different questions of law and fact. Further, it is apparent that the parties to action No. 1, having stipulated, in essence, to discontinuance of that action with prejudice in March 1990, no longer wish to litigate the issues raised therein. A motion to consolidate action No. 1 with action No. 2 by a nonparty to action No. 1 is not a proper method in which to resuscitate action No. 1. Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ.