■ ANDERS G. ARNHEIM et al., Respondents, v JOHN PROZERALIK et al., Appellants. (Action No. 1.) JOHN PROZERALIK et al., Appellants, v ANDERS G. ARNHEIM et al., Respondents. (Action No. 2.) [595 NYS2d 149] —Order unanimously affirmed with costs. Memorandum: We conclude that Supreme Court did not abuse its discretion in joining the two actions for trial. The power to order joint trials rests in the sound discretion of the trial court (Ventures Intl. v Uppstrom, 166 AD2d 321) and where common questions of law or fact exist, consolidation or joint trial is warranted unless the parties opposing the motion demonstrate prejudice to a substantial right (Berman v Greenwood Vil. Community Dev., 156 AD2d 326, 326-327). The defense of truth interposed in the answer to plaintiffs' first action for slander involves proof of facts common to the second action for legal malpractice, conversion, fraud and breach of fiduciary responsibility. Appellants will not be prejudiced by joinder for trial. Although they will be tried together, the actions will maintain their separate identities and appellants' present counsel will not be disqualified as trial counsel in the second action.

We further conclude that the court properly changed the venue of the second action from Niagara County to Erie County because the action first commenced was brought in Erie County (see, Newell v Niagara Mohawk Power Corp., 52 AD2d 664; Padilla v Greyhound Lines, 29 AD2d 495). (Appeals from Order of Supreme Court, Erie County, Cosgrove, J.—Joinder; Change Venue.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.