# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**33**

**CA 12-02398**

PRESENT: PERADOTTO, J.P., LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
NICHOLAS GIANGUALANO, MARY ANN ALLAN,
RICHARD S. ALLAN, GARY L. ALLAN, KENNETH N.
ALLAN, JEFFREY R. ALLAN AND ELIZABETH E.
CHAIRES, PETITIONERS-RESPONDENTS,

AND                                                  MEMORANDUM AND ORDER

JAY B. BIRNBAUM AND ILENE L. FLAUM, AS
CO-TRUSTEES OF TRUST "B" UNDER THE LAST WILL
AND TESTAMENT OF BERNARD B. BIRNBAUM, DECEASED,
RESPONDENTS-APPELLANTS.
(ACTION NO. 1.)

-------------------------------------------------------
IN THE MATTER OF THE APPLICATION OF JAY B.
BIRNBAUM AND ILENE L. FLAUM, AS CO-TRUSTEES OF
TRUST "B" UNDER THE LAST WILL AND TESTAMENT OF
BERNARD B. BIRNBAUM, DECEASED,
PETITIONERS-APPELLANTS,

V

NICHOLAS GIANGUALANO, MARY ANN ALLAN, RICHARD S.
ALLAN, GARY L. ALLAN, KENNETH N. ALLAN, JEFFREY R.
ALLAN AND ELIZABETH E. CHAIRES,
RESPONDENTS-RESPONDENTS.
(ACTION NO. 2.)
(APPEAL NO. 1.)

---

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (DENNIS C. VACCO OF
COUNSEL), AND BOND, SCHOENECK & KING, PLLC, ROCHESTER, FOR
RESPONDENTS-APPELLANTS AND PETITIONERS-APPELLANTS.

AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL),
ATTEA & ATTEA, NORTH BOSTON, AND FREID AND KLAWON, WILLIAMSVILLE, FOR
PETITIONERS-RESPONDENTS AND RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered September 28, 2012. The order, among other
things, granted petitioner-respondent Nicholas Giangualano's motion to
consolidate the proceeding commenced by petitioners-respondents in
Supreme Court, Erie County with the proceeding commenced by
respondents-petitioners in Surrogate's Court, Monroe County.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondents-petitioners (respondents) appeal from an order granting the motion of petitioner-respondent Nicholas Giangualano (petitioner) to consolidate this proceeding, commenced by petitioners-respondents (petitioners) in Supreme Court, Erie County (Supreme Court), to compel arbitration pursuant to CPLR article 75, with a proceeding commenced by respondents in Surrogate's Court, Monroe County (Surrogate's Court), and denying respondents' cross motion to consolidate the proceedings in Surrogate's Court. In appeal No. 2, respondents appeal from an order that denied their motion for leave to reargue and renew their cross motion to consolidate the proceedings in Surrogate's Court. The appeal from the order in appeal No. 2 insofar as it denied that part of respondents' motion seeking leave to reargue must be dismissed because no appeal lies from an order denying leave to reargue (see Hill v Milan, 89 AD3d 1458, 1458). Although the appeal from the order in appeal No. 2, insofar as it denied that part of respondents' motion seeking leave to renew, is properly before us (see Kirchmeyer v Subramanian, 167 AD2d 851, 851), respondents fail to raise any issues in their brief with respect to that order. We therefore deem abandoned any contentions with respect that appeal (see New York Cent. Mut. Fire Ins. Co. v Glider Oil Co., Inc., 90 AD3d 1638, 1640; Ciesinski v Town of Aurora, 202 AD2d 984, 984).

Respondents contend in appeal No. 1 that the court erred in consolidating the proceedings in Supreme Court because Surrogate's Court has "preferred jurisdiction" over the parties' disputes inasmuch as they involve a testamentary trust that arose out of an estate probated by the Surrogate. We reject that contention.

The relevant legal principles are well settled. Actions may be consolidated when they involve "a common question of law or fact" (CPLR 602 [a]). "Where an action is pending in the supreme court it may, upon motion, remove to itself an action pending in another court and consolidate it or have it tried together with that in the supreme court" (CPLR 602 [b]). "A motion to consolidate is directed to the sound discretion of the court, and the court is afforded wide latitude in the exercise thereof" (Flower City Interiors v Rochester Gen. Hosp., 184 AD2d 998, 999). A party opposing consolidation of actions that involve common questions of law or fact must "demonstrate prejudice to a substantial right" (Arnheim v Prozeralik, 191 AD2d 1026, 1026).

Here, respondents failed to demonstrate substantial prejudice arising from consolidation of the proceedings in Supreme Court. Although respondents reside in Monroe County, we conclude that it will not be unduly burdensome for them to travel to Erie County for trial. We note that the parties' disputes relate to real property located in Erie County, respondents have counsel with an office in Erie County, and respondents initially consented to jurisdiction in Supreme Court. Under the circumstances, it cannot be said that the court abused its discretion in granting petitioner's motion for consolidation.

Although respondents concede that Supreme Court and Surrogate's Court have concurrent jurisdiction over the proceedings, they nevertheless contend in appeal No. 1 that Surrogate's Court has preferred jurisdiction because, " '[w]herever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court' " (*Cipo v Van Blerkom*, 28 AD3d 602, 602; *see Nichols v Kruger*, 113 AD2d 878, 878-879; *Hollander v Hollander*, 42 AD2d 701, 701).  We reject that contention as well.  The prior involvement of the Surrogate occurred decades ago, when the original tenant of the subject real property died.  At that time, the Surrogate probated the original tenant's will and disposed of all property and funds of the estate.  The current disputes—regarding the value of the subject real property and whether petitioners are entitled to an award of back rent against respondents—are only tangentially related to the administration of the trust set up by the original tenant's will.  Moreover, resolution of the parties' disputes does not require the interpretation of the trust documents; instead, the disputes concern an interpretation of the parties' lease and Stand Still Agreement.  We thus conclude that Supreme Court properly denied respondents' cross motion to consolidate the proceedings in Surrogate's Court.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court