| |
|---|
| **Jobar Holding Corp. v Halio** |
| 2024 NY Slip Op 34549(U) |
| December 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655689/2017 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

JOBAR HOLDING CORPORATION, ROBERT BUCK, ROBERT BUCK, ROBERT BUCK, INDIVIDUALLY, AND ROBERT BUCK, AS EXECUTOR OF THE ESTATE OF JOAN BUCK, DELIVATIVELY AS SHAREHOLDERS ON BEHALF OF JOBAR HOLDING CORPORATION,

|  |  |
|---|---|
| **INDEX NO.** | 655689/2017 |
| **MOTION DATE** | 10/27/2024 |
| **MOTION SEQ. NO.** | 016 |

                                    Plaintiffs,

                - v -

BARBARA HALIO,

                                    Defendant.

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 016) 308, 309, 310 were read on this motion to _____ CONSOLIDATE/JOIN FOR TRIAL _____ .

Defendant Barbara Halio ("Barbara") moves for an order consolidating this action with a pre-RJI action brought by the same Plaintiffs concerning the same series of transactions against her son, David Halio ("David") (Index No. 161397/2023 ["the David Action"]). Barbara also moves for an order extending *sine die* the time within which Barbara and David may respond to the complaints in the respective actions. For the reasons discussed below, Barbara's motion is **granted in part**.

CPLR 602 provides that "[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Whether to consolidate

**655689/2017   JOBAR HOLDING CORPORATION vs. HALIO, BARBARA**
Motion No.  016

**Page 1 of 4**

[* 1]

actions is left to the sound discretion of the trial court (*Ventures Intern. v Uppstrom*, 166 AD2d 321 [1st Dept 1990]).

Plaintiffs argue that the Court cannot determine the degree of commonality among questions of law or fact in these proceedings when neither Barbara nor David have answered the operative complaints (NYSCEF 310 ["Memorandum in Opposition"] at 2, citing Siegel, NY Prac § 128 [6th ed 2024] ["There is no stated time limit on a motion to consolidate, but it can't as a rule be made before issue has been joined—the pleadings are all in—in the several actions affected because not until then can the court know whether the actions present common issues"]). While this is a sensible approach in principle, it is not an invariable rule (*see Gibbs v Sokol*, 216 AD 260, 262 [4th Dept 1926] ["Where the court can plainly see what the issues are to be, the reason for waiting for the pleadings disappears, and the order may be granted before the issues are fully framed"]; *accord Casanave v Robbins*, 262 AD 873, 873 [2d Dept 1941]; *Lee v Schmeltzer*, 229 AD 206, 209 [1st Dept 1930]).

Upon review of the operative complaints in both actions (NYSCEF 2 in the David Action,[1] NYSCEF 270 in the instant action), it is apparent that the actions involve common issues of law and fact regarding the allegations that Barbara improperly diverted funds from Jobar Holding Corporation to herself and her family, principally David. Accordingly, the Court will exercise its discretion to consolidate the actions in order to "avoid unnecessary duplication of trials, save unnecessary costs and expense and prevent the injustice which would result from divergent decisions based on the same facts" (*Sokolow, Dunaud, Mercadier & Carreras LLP v*

---

[1] The Court may take judicial notice of official court records and filings from other state and federal actions and proceedings (*see e.g. RGH Liquidating Trust v Deloitte & Touche LLP*, 71 AD3d 198, 207-208 [1st Dept 2009] [collecting cases], *revd on other grounds* 17 NY3d 397 [2011]).

**655689/2017   JOBAR HOLDING CORPORATION vs. HALIO, BARBARA**          **Page 2 of 4**
 **Motion No.  016**

[* 2]                                                    2 of 4

*Lacher*, 299 AD2d 64, 73-74 [1st Dept 2002], citing CPLR 602 [internal quotation marks and other citations omitted]).

Therefore, it is

**ORDERED** that Defendant Barbara Halio's motion to consolidate this action (Index No. 655689/2017) with the David Action (Index No. 161397/2023) is **GRANTED**; it is further

**ORDERED** that the consolidation shall take place under Index No. 655689/2017 and the consolidated action shall bear the following caption:

JOBAR HOLDING CORPORATION, ROBERT BUCK,

Individually. And ROBERT BUCK, As Executor of the Estate of

JOAN BUCK, and ROBERT BUCK, individually and ROBERT

BUCK, As Executor of the Estate of JOAN BUCK, derivatively as

shareholders on behalf of JOBAR HOLDING CORPOATION,

Plaintiffs

-against-

Barbara Halio and David Halio,

Defendants.

And it is further

**ORDERED** that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; it is further

**ORDERED** that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the Court (60 Centre Street, Room 141 B), who shall consolidate the documents in the actions hereby consolidated and shall mark his records to reflect the consolidation; it is further

**655689/2017   JOBAR HOLDING CORPORATION vs. HALIO, BARBARA**
**Motion No.  016**

**Page 3 of 4**

3 of 4

**ORDERED** that service of this order upon the Clerk of the Court shall be made in hard-copy format if this action is a hard-copy matter or, if it is an e-filed case, shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); it is further

**ORDERED** that, as applicable and insofar as is practical, the Clerk of this Court shall file the documents being consolidated in the consolidated case file under the index number of the consolidated action in the New York State Courts Electronic Filing System or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents in the consolidated action; it is further

**ORDERED** that counsel for the movant shall contact the staff of the Clerk of the Court to arrange for the effectuation of the consolidation hereby directed; it is further

**ORDERED** that Defendant Barbara Halio's motion for an extension of time within which to answer the operative complaint pending the resolution of this motion to consolidate is **denied as moot**; and it is further

**ORDERED** that Defendants Barbara and David shall answer the Complaints within 21 days from entry of this order.

This constitutes the decision and order of the Court.

| 12/19/2024 | | | |
|---|---|---|---|
| **DATE** | | **JOEL M. COHEN, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**655689/2017 JOBAR HOLDING CORPORATION vs. HALIO, BARBARA**
**Motion No. 016**

**Page 4 of 4**

[* 4]

4 of 4